## JOHNSON et al. v. NOBLE, Adm'x, et al.

No. 26161. Dec. 8, 1936.

Supplemental Opinion and Rehearing Denied March 2, 1937.

William J. Crowe, Twyford & Smith, and George B. Schwabe, for plaintiffs in error.

Randolph, Haver, Shirk & Bridges and McInnis & Ross, for defendants in error.

OSBORN, V. C. J. This is an appeal by J. A. Johnson, hereinafter referred to as plaintiff, and J. G. Hughes, receiver of the First National Bank of Bristow, Okla., hereinafter referred to as intervener, from an order and judgment of the district court of Oklahoma county wherein the court permitted a certain judgment held by Alta D. Noble, administratrix of the estate of Charles F. Noble, deceased, to be set off against a judgment formerly rendered in favor of

plaintiff Johnson and against the said Charles F. Noble.

The action originated in the district court of Oklahoma county, wherein the plaintiff, Johnson, sued Charles F. Noble personally, the Creek Oil Corporation, and other defendants for certain money which had accrued from the operation of an oil well in Creek county in which the plaintiff claimed an interest. The cause was tried and judgment rendered in favor of plaintiff against the defendants Noble and Creek Oil Corporation in the sum of $17,001.50. The cause was appealed to this court, where the judgment of the trial court was modified and affirmed and pursuant to motion filed, judgment was entered in this court on April 15, 1930, in favor of plaintiff against Noble and the Creek Oil Corporation, and the Maryland Casualty Company, surety on the supersedeas bond of appellants in that case, in the sum of $13,724.46, with interest thereon. Noble v. Johnson, 145 Okla. 46, 291 P. 26. Petition for rehearing was denied and the mandate was issued on September 23, 1930, and thereafter was spread of record in the district court of Oklahoma county.

On August 30, 1930, the defendant Noble purchased and had assigned to him a certain judgment which had been rendered on January 12, 1924, in the district court of Tulsa county in favor of the Oil Well Supply Company and against the plaintiff, Johnson, said judgment being for the sum of $14,722.74, upon which certain payments had been credited and executions issued, leaving due thereon the sum of $9,861.42, with interest at the rate of 8 per cent per annum from January 12, 1924. Thereafter the defendant Noble by motion sought to obtain an order offsetting one-half of the judgment in favor of plaintiff and against the defendants Noble and the Creek Oil Corporation against the judgment assigned to and owned by the defendant Noble. In this connection it appears that the attorneys for plaintiff Johnson had prosecuted the action upon a contingent fee contract, had perfected their lien and claimed one-half of the proceeds of the judgment and thereafter secured an order requiring the Maryland Casualty Company, as surety on the supersedeas bond, to pay one-half of the proceeds of the judgment to them. We are therefore concerned only with the one-half of the proceeds of the judgment payable to the plaintiff, Johnson.

On December 2, 1930, pursuant to leave granted, J. G. Hughes, receiver of the First National Bank of Bristow, Okla., filed a plea in intervention wherein it was alleged that on April 28, 1926, the First National Bank of Bristow obtained a judgment against J. A. Johnson (plaintiff herein) upon which there is now due the sum of $9,625.83, with interest; that on April 28, 1930, he caused to be issued out of the district court of Tulsa county a garnishment summons directed to Charles Noble, Creek Oil Corporation, and the Maryland Casualty Company, and that service of said summons was duly made upon each of said garnishees; that on October 24, 1930, he caused to be filed in the district court of Oklahoma county a certified abstract of the judgment theretofore rendered in Tulsa county in favor of said bank. Intervener further alleged that the defendant Noble was advised of the lien and claim of the receiver against the judgment theretofore rendered against them in favor of Johnson, and that when the said Noble took the assignment of the judgment from the Oil Well Supply Company he took the same subject to the rights, claims, and liens of said intervener.

Issues were joined and the cause proceeded to trial before the court. After the introduction of evidence the court took the matter under advisement. On December 22, 1931, the defendant Charles F. Noble died, and on September 16, 1932, there was filed an order reviving the cause in the name of Alta D. Noble, administratrix of the estate of deceased. On February 23, 1934, there was filed a journal entry of final judgment wherein the court found that defendant Charles F. Noble was the lawful assignee and bona fide holder of the judgment of the Oil Well Supply Company, and held that the unpaid balance of the judgment rendered in favor of the plaintiff, Johnson, was satisfied by allowing as a set-off thereto the judgment owned by the said Charles F. Noble, deceased.

An examination of the record discloses, as far as we are able to find, that no evidence was offered by the intervener in support of the allegations of the petition in intervention. Plaintiff and intervener filed a joint motion for a new trial, and after the same was overruled, perfected an appeal to this court by joint petition in error. Said plaintiff and intervener have likewise joined on the briefs. It does not appear that at any stage of the proceedings the plaintiff and intervener occupied adversary positions. The assignments of error presented and argued in the briefs relate only to the propriety of the action of the trial court in offsetting the judgments. No evidence of garnishment pro-

ceedings by intervener was introduced, and the recital of appearances at the trial does not show any appearances by the attorneys for intervener other than the attorneys for respondent Johnson.

It is contended, first, that the judgment of the trial court is contrary to the clear weight of the evidence in that the evidence discloses that the judgment of the Oil Well Supply Company assigned to the defendant Noble was not only dormant, but was fully paid. The finding of the trial court to the contrary is amply supported by the evidence.

It is next contended that the trial court erred in allowing the set-off of the two judgments because they lack the elements of mutuality, and that judgments can only be set-off, in the absence of statute, to promote equity and not to defeat it, and that the action of the trial court in this case tends to defeat equity. It is conceded that there is no statutory authority in this state for the set-off of one judgment against another.

"Where there are mutual judgments in the same court, between the same parties, the court has the power to set off one judgment against the other, either in an equitable proceeding or upon motion; but the exercise of this power is in a measure discretionary, and the determination therefore to be upon strictly equitable principles." State v. Wood, 171 Okla. 341, 43 P. (2d) 136; Arn v. Elms, 59 Okla. 235, 158 P. 1150.

A judgment debtor may purchase a judgment to use as a set-off. Verry v. Barnes, 154 Minn. 252, 191 N. W. 589, 31 A. L. R. 707. There is no objection to a party purchasing a judgment for the purpose of using it as a set-off if this be done bona fide. 15 R. C. L. 823, para. 291. We quote from Freeman on Judgments (5th Ed.) vol. 2, sec. 1144, as follows:

"Mutuality is an essential prerequisite to the right of set-off. But in some instances this right exists though the parties are not in all respects the same, where no injury would be worked to the persons concerned. The fact that one judgment is for or against a single party and the other is for or against two or more parties will not prevent offsetting them if the person who is not a common party to both judgments consents or could only be benefited by having his liability extinguished without the loss of any rights, particularly where the judgment against several defendants is a several as well as a joint obligation. Thus a judgment in favor of A, and against B and C, may be set off against one in favor of B and against A, and a judgment in favor of a 'principal alone may be applied in satisfaction of one

against him and his sureties.' But, ordinarily, the rule respecting the mutuality of the parties is the same as when set-off is sought of demands not reduced to judgment. This rule is satisfied, however, if the real parties in interest in the two actions were identical, although one action may have been prosecuted and judgment recovered in the name of a third person. And a court of equity by reason of its greater powers of adjusting equities may go further than might be possible in a court of law in looking beyond the record to the real parties in interest. Furthermore the power to offset judgments will not be exercised so as to work injustice to the interests of third persons acquired in good faith. This principle is most frequently applied in cases involving assignments of one or both of the judgments to be offset, and its limits are not exactly clear, except as it exemplifies the equitable discretion in accordance with which the power is exercised."

It is argued by plaintiff that he had a right to enforce the collection of the judgment in his favor against either the defendant Noble, Creek Oil Corporation, or the Maryland Casualty Company, which right has been defeated by the action of the trial court. In this connection it is noted that the liability of the Maryland Casualty Company arises by reason of its contract of suretyship.

The relationship between the parties defendant is immaterial, for the reason that the Creek Oil Corporation could only be benefited by having its liability to the plaintiff, Johnson, extinguished by the allowance of the set-off, and the defendant Noble had a right to discharge the entire obligation. It appears that there was a mutuality of enforceable obligations between Johnson and Noble. By offsetting said obligations there was avoided a circuity of actions and needless costs. No equitable right of plaintiff was lost to him by the action of the trial court. This conclusion is in harmony with our statute and decisions regarding the set-off of demands not reduced to judgment. Section 207, O. S. 1931; Stauffer v. Campbell, 30 Okla. 76, 118 P. 391; Cooper v. Gibson, 69 Okla. 105, 170 P. 220. It does not appear that the trial court abused its equitable discretion. The judgment is affirmed.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.

### Supplemental Opinion on Rehearing.

OSBORN, C. J. It is urged by counsel for plaintiff on rehearing that we have overlooked and failed to pass upon a question which is controlling herein. Plaintiff's proposition is that the judgment in favor of the

Oil Well Supply Company against Johnson was barred by limitation and was dormant. We will briefly amplify our views regarding this proposition. The judgment was rendered January 12, 1924, and was presented and claimed as an offset on November 10, 1930. There is involved the validity of an execution which was issued November 24, 1925, Plaintiff contends that the execution was invalid, and therefore the judgment was dormant when it was claimed as an offset. The name of the court clerk and his deputy was written on the execution with a typewriter. It was stamped with the seal of the court and bears the sheriff's return dated November 25, 1925. It appears that after the judgment was assigned to Chas. F. Noble he made application for an order nunc pro tunc directing the clerk and his deputy to sign the execution with pen and ink. On November 17, 1930, the application was granted, the order nunc pro tunc was made, and the execution signed by the clerk.

A proposition quite similar to that presented here was before the Supreme Court of Kansas in the case of Taylor v. Buck, 61 Kan. 694, 60 P. 736, wherein the court held:

"An execution for the sale of property, authenticated with the seal of the court, but lacking the signature of the clerk issuing it, may be amended after its return by order of court upon the clerk to sign it, if necessary, to validate proceedings under it."

We deem this case to be controlling of the issue presented, and conclude that the execution issued November 24, 1925, was amendable by nunc pro tunc order and that the contention of plaintiff is without merit.

The petition for rehearing is denied.

BAYLESS, V. C. J., and RILEY, BUSBY, WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur.