Williams, J.
 

 The plaintiffs, Lorenzo Montalto and Carmelina Montalto, who were substituted for the original plaintiff, Sam Montalto, will be referred to herein as plaintiffs. This cause is concerned mainly with the right to set off a judgment, acquired by a defendant Edgar G. Yeckley (referred to herein as defendant) during the pendency of the action, against plaintiffs’ judgment on which their action is founded. Incidentally, the claim of plaintiffs’ counsel that their right to attorney fees is superior to any right of set-off in favor of the defendant will be considered.
 

 This action was formerly in this court on an entirely different question with the result that there was a reversal of the judgment of the Court of Appeals (to which an appeal had been taken from Court of Common Pleas on questions of law and fact) and a remandment to the appellate court for further proceedings not inconsistent with the court’s opinion.
 
 Montalto
 
 v.
 
 Yeckley,
 
 138 Ohio St., 314, 34 N. E. (2d), 765. Thereafter the defendant filed an amended answer in the Court of Appeals, setting up in effect that he had, during the pendency of the action, purchased and received by assignment from a third person a judgment ag'ainst the plaintiffs and prayed that it be set off against plaintiffs’ judgment. The appellate court allowed the judgment assigned to defendant as a setoff in full satisfaction of plaintiffs’ judgment, without making any allowance for attorney’s fees. Thereupon this court allowed a motion to certify the record.
 

 It was early stated by this court that “the practice
 
 *183
 
 of setting off one judgment against another, between the same parties, and due, in the same rights, is ancient and well established.”
 
 Holmes
 
 v.
 
 Robinson,
 
 4 Ohio, 90.
 

 As between judgments, which are somewhat different in this respect from claims not reduced to judgment, this court has recognized the doctrine of equitable setoff. One judgment may be set off against another at the court’s discretion, which must be exercised in accordance with sound principles of equity jurisprudence
 
 Diehl
 
 v.
 
 Friester,
 
 37 Ohio St., 473;
 
 Barbour
 
 v.
 
 National Exchange Bank,
 
 50 Ohio St., 90, 33 N. E., 542, 20 L. R. A., 192.
 

 Jurisdiction to set off judgments against each other exists in chancery independent of statute and is inherent in the court. Nevertheless the power to apply the statutes in proper cases is accepted as a corollary to the stated doctrine. In
 
 Oliver
 
 v.
 
 Canan,
 
 71 Ohio St., 360, 73 N. E., 466, this court applied Section 5073, Revised Statutes (now Section 11321, General Code) to the setoff of judgments; but the question then before the court was entirely different from that presented herein. This course was in accord with the earlier cases of
 
 Diehl
 
 v.
 
 Friester, supra,
 
 and
 
 Barbour
 
 v.
 
 National Exchange Bank, supra,
 
 in which it was asserted in substance that the Civil Code provisions relating to setoff, although not including judgments in terms, would no doubt be applied thereto whenever the statutes in their nature were deemed applicable. The rule relating to the power to invoke principles covering equitable setoff is not altered by reason of any amendment to such code provisions, no substantial change having been made therein insofar as the setoff of judgments is concerned.
 

 Does a different rule prevail when the defendant seeks to have a judgment obtained by purchase and assignment set off against a judgment on which the
 
 *184
 
 plaintiff sues? According to the better view a judgment so obtained by the assignee may be set off in the sound discretion of the court, where the assignee purchases the judgment in good faith unconditionally and thereby becomes the absolute and beneficial owner thereof, even though the purchase is made for the purpose of using the judgment as a setoff.
 
 Johnson
 
 v.
 
 Noble, Admx.,
 
 179 Okla., 256, 65 P. (2d), 502, 121 A. L. R., 474, and annotation;
 
 Barnes
 
 v.
 
 Verry,
 
 154 Minn., 252, 191 N. W., 589, 31 A. L. R., 707;
 
 People, ex rel. Manning,
 
 v.
 
 New York Common Pleas,
 
 13 Wend. (N. Y.), 649, 28 Am. Dec., 495;
 
 Alexander
 
 v.
 
 Clarkson,
 
 100 Kan., 294, 164 P., 294, L. R. A. 1917F, 1006, and note;
 
 North Chicago Rolling Mill Co.
 
 v.
 
 St. Louis Ore & Steel Co.,
 
 152 U. S., 596, 38 L. Ed., 565, 14 S. Ct., 710.
 

 Nor does it in our opinion make any difference in the application of such rule that the judgment against the plaintiff was, as in the case at bar, purchased by the defendant during the pendency of a suit in the nature of a creditor’s bill brought by the plaintiff, as a judgment creditor, to enforce collection of his judgment against the defendant.
 

 The application of the rule is not altered because the defendant purchased the judgment far below its face amount. So long as the contract of purchase has the essential elements stated, courts of equity do not look upon the amount of consideration paid for the judgment as a positive limitation upon the amount that is to be set off. The defendant in making his purchase is exercising his right to contract. In defendants’ brief it is said in substance that it is “common commercial practice” to buy judgments “at discounted prices or at salvage value.” If this statement be too broad, it nevertheless suggests an evident truth and if the defendant made a good bargain that is his good fortune. The low purchase price was no more than a fact which the trial court (in this instance the appel
 
 *185
 
 late court) could take into consideration in exercising its discretion.
 

 Counsel for plaintiffs insist that defendant’s judgment should not be set off so as to deprive them of their attorney fees for services rendered herein in endeavoring to colléct plaintiffs’ judgment. Their fee was contingent and was to be based upon an agreed percentage of the amount that might be collected They had no lien on the judgment and no assignment of any part thereof to protect their contingent fee. It was laid down in
 
 Diehl
 
 v.
 
 Friester, supra,
 
 that in setting off one judgment against another “the claim of the attorneys for fees will be respected, whenever it appears to be right, in view of the facts, that this should -be done.”
 

 The court’s power to exercise discretion in the allowance of a setoff finds its counterpart in the court’s power to exercise discretion with regard to attorneys fees. If the claim for fees is allowed, then the amount allowed to a defendant as a setoff must be reduced accordingly. The trial court herein refused to take into consideration attorney fees in allowing the setoff to defendant. This action of the court was within its discretion and did not constitute reversible error under the particular facts of this case.
 

 For the reasons given the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Turner, JJ., concur.