FREDERICK ATANASIO, PLAINTIFF–RESPONDENT, v. SAM-UEL W. SILVERMAN, DEFENDANT–RESPONDENT, AND HELEN GLUSENKAMP, PETITIONER–APPELLANT.

Argued November 22, 1948—Decided January 3, 1949.

Mr. *Ralph W. Chandless* argued the cause for the petitioner-appellant, Helen Glusenkamp (*Messrs. Chandless, Weller, Kramer & Frank,* attorneys).

Mr. *Abraham Natovitz* argued the cause for the defendant-respondent, Samuel W. Silverman.

The opinion of the court was delivered by

ACKERSON, J. The pertinent facts involved in the present appeal may be summarized as follows: On January 28, 1946, Frederick Atanasio, recovered a judgment in the above cause against Samuel W. Silverman for $16,763.73. On May 27, 1946, Silverman obtained a rule to show cause why three certain judgments recovered by third parties against Atanasio, in the court below, aggregating approximately $21,900.00, which

had been assigned to Silverman, should not be set-off against the aforesaid judgment recovered by Atanasio against Silverman.

On the return day of the aforesaid rule, June 15, 1946, decision was deferred at the request of Atanasio, and on July 2, 1946, further proceedings thereon were stayed by order of a federal court pending decision of an appeal involving the denial of Atanasio's discharge in bankruptcy. This appeal was decided adversely to him and the aforesaid stay was lifted on November 1, 1946.

On November 27, 1946, pursuant to notice theretofore given to Atanasio, an order was made in the court below making the aforesaid rule to show cause absolute and off-setting the aforesaid judgments held by Silverman against the judgment held by Atanasio against him, and directing that this order be entered *nunc pro tunc* as of June 15, 1946,—the original return day of the rule to show cause—and also directing the clerk of the court to make suitable notations on the judgments to carry out the intent of the order.

Sometime prior to the foregoing events—on August 8, 1935—a judgment for $8,821.01, theretofore, recovered by a third party against Atanasio, in the former Supreme Court, was assigned to the appellant, Helen Glusenkamp, a sister-in-law of Atanasio. She did nothing with it until November 4, 1946, when she caused execution to be issued and a levy made on the aforesaid judgment recovered by Atanasio against Silverman, but no further steps were taken with respect thereto until February 21, 1948, when Glusenkamp petitioned the court below to grant priority to her aforesaid levy over the set-off allowed to Silverman by the order of November 27, 1946, entered *nunc pro tunc* as of June 15, 1946. This petition for priority was denied by order dated June 15, 1948, and the present appeal is from that order. The petition did not seek to open up or set aside the order of set-off. It merely sought priority for petitioner's levy under the execution issued on her assigned judgment against Atanasio. The question of whether or not a levy may be properly made upon a judgment owned by the judgment debtor has not been raised or argued by the parties

to this appeal. The sole question presented is whether the levy or the order of set-off is to have priority and the element of diligence plays an important part in reaching a correct answer.

Courts of law are possessed of an authority—purely equitable in nature—to apply the doctrine of set-off to mutually enforceable judgments even though held by assignment. This is by virtue of their inherent power to control their own suitors and the execution of their process. Hence it is to be exercised by the court wherein resides the judgment against the party seeking satisfaction by way of set-off, and application for such remedy may be by motion or rule to show cause in a summary proceeding. It is not necessary, however, that both judgments should be in the same court, or that the court in which the application for set-off is made should have control over the judgment sought to be used as a set-off, or over the officers by whom the last mentioned judgment might be enforced. *Kristeller v. First Trust Nat. Bank, Jersey City,* 119 *N. J. L.* 570, 572 *(E. & A.* 1937*); Schautz v. Kearney,* 47 *Id.* 56, 58 *(Sup. Ct.* 1885*); Hendrickson v. Brown,* 39 *Id.* 239 *(Sup. Ct.* 1877*); Phillips v. MacKay,* 54 *Id.* 319 *(Sup. Ct.* 1892*);* 49 *C. J. S. (Judgments)* § 569, *p.* 1048. The right to a set-off attaches the moment that a judgment debtor becomes the absolute and *bona fide* holder of a judgment against his judgment creditor. *Hendrickson v. Brown, supra, p.* 242. It is to be noted that all of the judgments here involved were recovered in the same court.

Assuming that a judgment is leviable, it would be anomalous for a judgment creditor to levy on a judgment against himself held by the judgment debtor. *Verry v. Barnes,* 154 *Minn.* 252, 191 *N. W.* 589, 31 *A. L. R.* 707 *(1923); Lemane v. Lemane,* 27 *La. Ann.* 694; 33 *C. J. S. (Executions)* § 31, *p.* 161. Therefore, set-off is the appropriate remedy under such circumstances, and a rule to show cause to obtain it is tantamount to a levy since each is an initial step in obtaining satisfaction of a judgment. *Cf. Zane v. Brown,* 126 *N. J. Eq.* 200, 203 *(Ch.* 1939*); Taylor v. Taylor,* 59 *Id.* 86 *(Ch.* 1899*).*

Silverman's rule to show cause was first obtained and the resultant set-off is therefore entitled to priority.

In any event, Silverman's *nunc pro tunc* order of November 27, 1946 was effective to give priority to his set-off as of June 15, 1946, as against Glusenkamp's levy of November 4, 1946. The delay in entering the order of set-off was not caused by Silverman but by the restraining order of the federal court, and it is settled in this state that wherever delay in entering a judgment or interlocutory order is caused by the action of the court, judgment or order *nunc pro tunc* will be allowed as of the time when the party would otherwise have been entitled to it if justice requires it, for "it is a rule of practice as well as justice, that the action of the court shall not be permitted to work an injury to a party". *St. Vincent's Church v. Borough of Madison,* 86 *N. J. L.* 567, 570 *(E. & A. 1914); Den v. Tomlin,* 18 *Id.* 14 *(Sup. Ct.* 1840*).* The petitioner, Glusenkamp, is not in a position to claim an exception to this rule as a *bona fide* purchaser or encumbrancer for a valuable consideration. She was not misled and did not part with anything of value between the date when the order of set-off should have been made and the making of the *nunc pro tunc* entry. Her attempted levy was the result of an execution issued on a pre-existing judgment. *Cf. Leonard v. Broughton,* 120 *Ind.* 536, 22 *N. E.* 731, 734 (1889); *In re Ackermann,* 82 *Fed. (2d)* 971, 973 *(C. C. A. 6th Cir.* 1936*); Webb v. Western Reserve, etc., Co.,* 115 *Ohio St.* 247, 153 *N. E.* 289 (1926), 48 *A. L. R.* 1176, 1180; 1 *Freeman on Judgments (5th ed.)* § 138, *p.* 262.

Glusenkamp further contends that Silverman acquired the assignments of the judgments on which his set-off is based for only $250, and by misrepresenting to the assignors thereof that the judgments were worthless, and, therefore, upon equitable considerations should not have priority, or that it should be limited to $250. However, assuming such statements to be true, the assignors apparently have not complained, and Atanasio is bound by the order of set-off which is still in effect. The court in making such order was not limited by the amount paid for the judgment nor by the circumstance that it may have

been purchased for the purpose of set-off. *Montalto v. Yeckley,* 143 *Ohio St.* 181, 54 *N. E. (2d)* 421 *(1944); Verry v. Barnes, supra.* The petitioner, under the circumstances, may not be heard to complain and especially since it appears that the judgment for $8,821.08 upon which she relies was assigned to her for $1,000. Obviously each of the parties presently concerned was interested in obtaining a bargain.

The order appealed from is affirmed.

*For affirmance:* Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, and ACKERSON—6.

*For reversal:* None.