## IN THE MATTER OF THE ESTATE OF ETHEL M. ATKINSON.

Essex County Court
Probate Division

Decided May 17, 1951.

*Mr. Robert Carey, Jr.,* for petitioner Laura J. French.

*Mr. David Weinick,* attorney for the "plaintiffs."

CONLON, J. C. C. ■ ■ The moving papers are improperly entitled, and the "plaintiffs" improperly appear in response to the motion. This is not an appeal from the judgment of the surrogate in probating the will. All proceedings should be entitled as above and the proper parties are any petitioner who seeks a review on the one hand and the duly ap-

pointed executors on the other. If an order to show cause is issued on the motion as provided in *Rule* 5:3–4 all persons who may be interested must be notified and given the opportunity to intervene. The respondents to this motion mistakenly conceive that the proper persons to whom the motion should be addressed are the persons who filed the complaint for the probate of the will. Apparently Mr. Weinick, who appears on this motion, appears for them, while the surrogate's records indicate that Philip Mandelbaum registered as the attorney (formerly proctor) of the estate. These inaccuracies in the proceedings are pointed out since they have further significance as the facts develop.

The deceased died testate on December 15, 1950, leaving a sister, Laura J. French. The will, which was executed six days before death, left the bulk of the estate to the doctor and the nurse who attended at the last illness of the testatrix. They were also named executors. On December 20, 1950, five days after death, a complaint on probate was filed by the executors and the will probated in due course, on December 26, 1950, the eleventh day after death. On March 26, 1951, and within three months after the judgment of probate, by virtue of *Rule* 5:3–4, a notice of motion for an order to show cause why the judgment of the surrogate's court should not be set aside, returnable before this court on April 17, 1951, was served on behalf of the surviving sister upon Philip Mandelbaum, the registered attorney of the estate. Ordinarily that motion would be granted as of course and an order to show cause would issue to all parties in interest so that the matter might proceed in the same fashion as it formerly did when an appeal from probate was filed.

However, the "plaintiffs," who are not otherwise named but who are apparently the two executors and beneficiaries under the will, move to dismiss the motion on two procedural grounds. It is first contended that service upon the attorney was insufficient, and that since, in addition thereto, service was made personally on only one of the co-executors, and that one day late, the notice is insufficient and out of

time. There is no merit to that contention. Service upon the attorney was sufficient and being within the three months' period was in time. *Rule* 3:5–2.

It is next contended that, assuming that the notice was sufficient and was served in time, nevertheless it was not filed within ten days of service in accordance with *Rule* 3:5–5. It is further contended that since this is an "appeal," under *Rule* 1:2–5, the court has no discretion to enlarge the time for filing the notice and that consequently the proceedings must be dismissed. Citing *Weaver v. North Bergen Township,* 10 *N. J. Super.* 96 (*App. Div.* 1950) and *In re Pfizer,* 8 *N. J. Super.* 6 (*App. Div.* 1950). Counsel failed to cite the opinion of the Supreme Court in the *Pfizer* case, 6 *N. J.* 233 (1951), which reversed the Appellate Division insofar as it exercised discretion in enlarging the time for appeal.

■ The fallacy of that argument is that this proceeding is not an "appeal" within the contemplation of *Rule* 1:2–5. It is merely an application to this court to review a judgment of the surrogate. The entire proceeding and the discretionary powers of this court are contained in *Rule* 5:3–4. That rule provides, so far as it is applicable to this case, that the notice of motion must be served within three months after the entry of judgment of probate. Nothing is provided as to the filing of the notice of motion, but we may assume, without deciding, that the filing is controlled by *Rule* 3:5–5 which requires that "all papers after the complaint required to be served upon a party shall be filed with the court before service or within ten days thereafter." The precise question presented, therefore, is that since the moving parties are in default, has this court the discretion to waive the default? The answer is found in the very rule itself (5:3–4) which provides in part:

"If no such motion is served within the time limited, the judgment in every action stated shall be conclusive except where the person aggrieved by the judgment seeks relief therefrom under Rule 3:60–2 for reasons (4), (5) and (6) enumerated in the rule, or for fraud upon the court or by independent action."

*Rule* 3:60–2(6) provides that "* * * the court may relieve a party or his legal representatives from a final judgment, order or proceeding for the following reasons: * * * or (6) any other reason justifying relief from the operation of the judgment or order."

Since the notice in this case was sufficient and was served in time, and since the parties appeared in court on the motion only for the perfunctory purpose of agreeing upon the return date of the order to show cause, the court in the exercise of its discretionary powers declines to dismiss the motion and thus deprive the parties of their opportunity to contest the validity of the will merely because the notice of motion was not filed until the return day thereof.

An order to show cause will issue returnable on a date agreeable to the parties.