## KRAMER v. MONTGOMERY.

No. 34469.    March 25, 1952.

*242 P. 2d 414.*

Washington & Thompson, Oklahoma City, for plaintiff in error.

McKinney & McKinney, Oklahoma City, for defendant in error.

BINGAMAN, J. This is an action in replevin brought by plaintiff, L. P. Kramer, against Ray Montgomery, a constable, to recover possession of an automobile seized by Montgomery under a writ of execution issued out of the justice court of Willis R. Stark. A jury was waived and the cause was tried to the court, the material facts being stipulated between the parties. When the plaintiff attempted to introduce further evidence the trial court sustained an objection thereto made by defendant on the ground that the action was a collateral attack upon the execution, and could not be sustained for that reason. The trial court rendered judgment for defendant, sustaining his objection to the introduction of the evidence, and plaintiff appeals.

The pertinent facts are embraced within the stipulation of the parties and are as follows: On June 18, 1946, Elwood Fullerton obtained judgment in the justice court of Justice Evert Crismore against Paul Armistead for the sum of $175.25 and attorney's fees. On May 21, 1949, an execution upon this judgment was issued by Justice Willis R. Stark, who it was stipulated was the successor of Evert Crismore as justice of the peace in the court in which the judgment was obtained. The automobile was seized under this execution, and the execution was returned on May 26, 1949, showing that the car had been seized and was stored in a garage.

It is further stipulated that plaintiff, on April 16, 1949, took a chattel mortgage from Armistead, covering the automobile, but this chattel mortgage was not filed for record until May 27, 1949, the day after the property was levied upon and taken by the defendant. It is stipulated that Stark was the duly appointed successor of Crismore and that Montgomery was the duly elected and acting constable of the justice court of Willis Stark. It was also stipulated that the judgment was a good and valid judgment; that the amount due thereunder, as set forth in the execution, was true and correct and that the title to the automobile at the time the execution was levied was in Paul Armistead.

From the record it appears that the execution, at the time it was levied, did not contain the name of the constable to whom it was issued, and recited that the judgment was recovered before the undersigned justice of the peace, the execution being signed by Willis R. Stark, and that on the back of the execution the return date was shown as June 21, 1949, although in the body of the execution the constable was directed to return the same within 30 days from the date it was issued. After this case was filed, and prior to the trial, the execution was amended by an order nunc pro tunc to show that it was directed to the defendant, Ray Montgomery, and to show that the judgment was obtained in an action pending before Evert Crismore, predecessor to Willis R. Stark.

Plaintiff contends that the failure to insert the name of the constable in the execution; the fact that it showed that it was based on a judgment rendered by Stark, and that on the back it stated that it was returnable on June 21, 1949, rendered the execution void at the time it was served and levied; that being void it was not amendable, and that he may maintain a collateral attack thereon. He concedes that the attack may not be maintained if the execution is not void.

We are unable to agree that the defects in the execution rendered it void, and that they could not be corrected by an order nunc pro tunc. 39 O. S. 1951 §451 provides as follows:

"The provisions of the chapter on civil procedure, which are, in their nature, applicable to the jurisdiction and proceedings before justices, and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace."

There is no provision in the statutes relating to justices of the peace with reference to amendments and therefore we think that 12 O.S. 1951 §317, relating to the power of the court to permit amendments, applies. That section, among other provisions, provides that any process or proceeding may be amended before or after judgment by adding or striking out the name of any party or correcting the mistake in the name of a party or a mistake in any other respect. It further provides that when any proceeding fails to conform in any respect to the provisions of this code, the court may permit the same to be made conformable thereto by amendment.

In Christy v. Springs, 11 Okla. 710, 69 P. 864, we held that an execution directed to the sheriff of Kingfisher county, but delivered to and executed by the sheriff of ·Canadian county, where the direction should have been to the sheriff of Canadian county, was an irregularity and subject to amendment where it was conceded that it was in fact delivered to and executed by the proper officer of the proper county.

In Johnson v. Noble, 179 Okla. 256, 65 P. 2d 502, we held on rehearing that where the name of the county clerk and his deputy, by whom the execution was issued, were written on the execution with a typewriter, it could be subsequently amended by an order nunc pro tunc directing the clerk and his deputy to sign the execution with pen and ink.

In Texas Title Guaranty Co. v. Mardis, 186 Okla. 433, 98 P. 2d 593, we held that defects in a summons, which were formal only, did not render the process void, and that it could be corrected under 12 O. S. 1951 §317, when it was sufficiently regular to inform the defendant of the nature of the proceedings against him, of the interest he had in them, and the court in which the hearing would take place.

The fact that an execution is not directed to any officer is said to be a defect in form only and not to invalidate the execution. 21 Am. Jur. p. 37, §49. And, the general rule, as stated in section 50, is that it must sufficiently show upon what judgment it is based, and must conform to and follow the judgment, and that substantial conformity is sufficient. In that section the author states the rule as follows:

"Thus, if the execution is sufficient to identify the judgment or if it contains sufficient recitals to indicate where the records of the judgment can be found and such records fully identify the judgment, the execution is not void."

To the same effect is 51 C. J. S. p. 227, §123 (d).

And, in 21 Am. Jur. p. 41, §62, it is stated that the power to amend executions so as to correct clerical misprisions is universally conceded and frequently invoked and that it is difficult to prescribe limits to this salutary power possessed by the courts.

It clearly appears that the defects complained of by plaintiff are formal only, and it is not contended that the execution failed to properly describe the judgment under which it was levied or the court out of which it issued. The recital on the back of the execution that it was returnable June 21, 1949, which would extend the time one day over the statutory period of 30 days, is, we think, immaterial, where on its face the constable was required to return it within 30 days from the date of its issuance and where he in fact did make the levy and return the execution within that period. Lawton v. Nicholas, Sheriff, 12 Okla. 550, 73 P. 262.

Plaintiff contends that the execution is violative of 39 O. S. 1951 §459, which prohibits a justice from leaving blanks in an execution to be filled out by

another. We think this contention is without merit since it is not shown that the blanks were left in the instrument for that purpose, but the failure to fill them out was apparently due to the inadvertence of the justice issuing the execution.

As stated above, plaintiff concedes that this is a collateral attack and may not be maintained if the execution is not absolutely void. This is the general rule. 21 Am. Jur. p. 258, §519, 51 C. J. S. §123, (j), p. 233. The judgment of the trial court was correct.

Affirmed.