## MILLER v. ROBERTS.

No. 34768.   Feb. 10, 1953.

Rehearing Denied June 2, 1953.

*257 P. 2d 1068.*

R. A. Howard, Ardmore, and Twyford, Smith & Crowe, Oklahoma City, for plaintiff in error.

Sigler & Jackson, Ardmore, for defendant in error.

JOHNSON, V.C.J.   This case originated in the district court of Carter county, Oklahoma on the 3rd day of July, 1948.   The parties appeared therein as W. L. Roberts, plaintiff, v. J. M. Miller, defendant, and hereinafter will be referred to as they there appeared. Therein the plaintiff alleged that on May 27, 1935, in a certain case then

pending in said court, styled W. L. Roberts, plaintiff, v. J. M. Miller, defendant, the plaintiff recovered judgment against the defendant for $3,080, together with 6% interest thereon from said date until paid; the sum of $42.40 cost, and the court adjudged said judgment to be a lien upon an undivided one-fourth interest in certain land described in the plaintiff's petition.

An execution was issued on said judgment on February 29, 1940, and returned unpaid; and another on March 19, 1945, was issued on said judgment and returned not collected. A copy of said judgment was attached to the petition as "Exhibit A" and made a part thereof. Plaintiff alleged that there was due upon said judgment the sum of $5,460.12 up to the 25th day of October, 1947. That on said date, the defendant paid the sum of $1,000, leaving a balance due on said judgment of $4,460.12 for which plaintiff prayed judgment.

On August 7, 1948, a demurrer was filed raising the question that the executions issued on the judgment were general executions instead of special executions and that therefore the judgment was dormant.

Plaintiff then amended his petition and alleged that at the time the note was executed by J. M. Miller to W. L. Roberts (which note was the basis of the judgment in case No. 21095) Miller was not the record owner of the land upon which the court adjudged and decreed plaintiff a vendor's lien and foreclosure thereof; that prior to the execution of said note on September 21, 1925, Miller had conveyed said land to his wife, Carrie Miller, and on the 5th day of March, 1930, five days before said note was executed, Carrie Miller conveyed said property to Mira J. Witherow, who was at all times thereafter and prior to the 19th day of November, 1947, the record owner of the property and that plaintiff could not have sold said property under his judgment; that Miller conveyed said property and all other property which he

owned to his wife and she in turn conveyed the same to Mira J. Witherow for the purpose of preventing the plaintiff from levying upon said property and for the purpose of defrauding his creditors and this plaintiff; that for this reason said defendant, Miller, is now estopped to plead that plaintiff should have levied upon said land by special execution and sold the same prior to issuing a general execution.

Plaintiff further alleged that by reason of Miller's conveying said property away that he was led to believe that Miller was insolvent and accepted the sum of $1,000 on said judgment by reason of the fact that he believed that because of Miller's insolvency he could not collect the judgment, but he now alleges that the sale by Miller was a sham sale and that Miller owned the property at that time; that immediately upon securing a release of said judgment he had the property reconveyed to him; that prior thereto the property had been of little value; but that it suddenly became valuable for oil, and in order to be able to lease said land Miller paid him the $1,000 and secured a release of the judgment; that said release was obtained by fraud; that if he had known that Miller owned the land and that said sale was a mere sham; he would never have released said judgment; that for the reasons alleged the release of said judgment was and is void.

The defendant answered pleading several defenses, among which was that plaintiff's cause of action was barred by the five year statute of limitations; that no valid execution was ever issued on said judgment within five years after the date of the judgment; that said judgment was dormant and dead; that the plaintiff's exclusive remedy was by special execution and order of sale of the property as provided for in the judgment.

Plaintiff's reply to this answer was a general denial. Thereafter, on the 1st day of September, 1949, the cause was

set for pre-trial conference for the purpose of determining whether or not the judgment was dormant.

Plaintiff offered in evidence a deed from J. M. Miller to Carrie Miller, which deed was dated the 21st day of September, 1925, and also a deed from Carrie Miller to Mira J. Witherow, dated the 5th day of March, 1930. It was then agreed that on the 10th day of March, 1930, J. M. Miller executed to W. L. Roberts a note for $2,000, which note was introduced in evidence. Thereupon the court clerk of Carter county, Oklahoma, was called as a witness to identify the record in case No. 21095. He stated that the style of the case was W. L. Roberts, plaintiff, v. J. M. Miller, defendant; that under date of June 18, 1935, a journal entry of judgment was filed; that on January 25, 1945, a second praecipe for execution was filed and another general execution issued. Each writ of execution was returned marked "no property found". It was then shown that on the 19th day of November, 1947, Mira J. Witherow deeded this land back to J. M. Miller, which deed was offered in evidence; that on the 5th day of October 1949, the court made and entered the following order after hearing the pre-trial conference, which reads:

"Now on this the 5th day of October, 1949, this matter came on for hearing upon pre-trial upon the question of whether or not the execution issued on the 24th day of January, 1945, in the case of W. L. Roberts versus J. M. Miller, No. 21095 on the docket of this court were sufficient to keep said judgment from becoming dormant, and the court having considered said matter and being fully advised in the premises is of the opinion that said executions were sufficient to keep the judgment from becoming dormant, to all of which the defendant duly excepts."

Thereafter, on the 21st day of February, 1950, the cause was tried to a jury, resulting in a verdict for plaintiff, Roberts, in the sum of $4,360.12. This verdict was approved by the trial court and judgment rendered accordingly.

Upon motion for new trial being overruled, the defendant, Miller, appeals.

For reversal the defendant pleads numerous assignments of error, which he presents and argues under three propositions.

He first contends that a general execution could not issue until the plaintiff had exhausted his remedy by causing a special execution and order of sale to issue and sell the land upon which the lien was impressed in accordance with the judgment of foreclosure.

We do not agree. As a general rule this is true. Riddle v. Gamble, 99 Okla. 161, 226 P. 106, but herein it is undisputed that the record owner of the property was not a party to the action wherein the trial court decreed plaintiff, W. L. Roberts, entitled to a vendor's lien on a one-fourth ($\frac{1}{4}$) undivided interest therein and for foreclosure thereof. It, therefore, was impossible for the plaintiff to have foreclosed a lien upon the property under these circumstances. Since the trial court did not have jurisdiction of the record owner of the property, the judgment declaring a lien and providing for its foreclosure was void. This being so, it was unnecessary to issue a special execution before a general execution was issued on the general judgment covering the indebtedness created by the note. The general executions were timely issued to keep the judgment alive and prevent it from becoming dormant.

Defendant's second proposition is that the judgment rendered on May 27, 1935, was dormant and dead because the attempted general execution of February 24, 1940, was issued without authority of law, and was utterly void because not signed by the court clerk and was not under the seal of the district court as required by Title 12, §51 O.S. 1951.

Under defendant's first proposition we found that the issuance of a general execution under the facts herein was permissible.

As to the invalidity of the execution because not signed by the court clerk, under the seal of the district court, it is noted that a demurrer of defendant to plaintiff's petition was confessed and thereupon plaintiff filed an amended petition. Defendant then, on September 2, 1948, filed a motion to strike the amended petition from the files. Therein he alleged:

"That said amendment is a departure, and pleads fraud in said amendment, the original petition declaring upon a local judgment that had been released without consideration.

"That defendant's demurrer sustained by the court, and confessed by the plaintiff, was that plaintiff's cause of action was barred by the statute of limitations, and said amended petition sets up nothing new to take his cause of action out of the statute of limitations; and said petition on its face with exhibits thereto attached and made a part thereof show that plaintiff's cause of action is and was barred by the statutes of limitations, in that said judgment sued on became dormant on the 27th day of May, 1940, and could not be revived after May 27th, 1941, and was dead long before plaintiff filed his suit."

A pre-trial conference was had and the order, heretofore quoted, was made on October 5, 1949, finding that the executions as issued were sufficient to prevent the judgment from becoming dormant, and thereafter, on October 14, 1949, the court, after taking under advisement the motion to strike plaintiff's amended petition from the files, overruled the motion. The defendant's exceptions to both orders were allowed.

The record discloses that plaintiff filed a praecipe for execution. The praecipe was signed by the plaintiff, W. L. Roberts, and directed the court clerk to issue an execution. Thereafter, the clerk issued the execution in due form, but failed to sign same other than by his typewritten name and did not affix the seal of the court on it. The execution fully described the judgment. It shows that it was delivered to the sheriff and that the sheriff treated it as a valid writ of execution and returned the same "No property found". The execution shows that it was placed upon the execution docket; that it was filed in the cause (No. 21095) styled W. L. Roberts v. J. M. Miller, all of which was offered in evidence on the trial of the merits of the cause without objection by the defendant. It is admitted by plaintiff that the execution was not signed by the clerk and did not bear the seal of the court, but he contends that it was a valid execution because it was issued by the clerk and was otherwise subject to amendment and that the proceedings were sufficient to prevent the judgment from becoming dormant. We agree with this contention.

We have no constitutional provision requiring a seal to be on civil process nor requiring the personal signature of the clerk. Title 12, O.S. 1951, §51, provides:

"The style of all process shall be 'The State of Oklahoma'. It shall be under the seal of the court from whence the same shall issue, shall be signed by the clerk, and dated the day it is issued."

The general rule is that where a Constitution requires a seal to be on process, that process without the seal is void, but where the Constitution does not so require a seal, but is required only by statute, the lack of a seal does not render an execution void. Houston Oil Co. of Texas v. R. J. Randolph (Tex. Com. App.) 251 S.W. 794, 28 A.L.R. 926. Texas Title Guaranty Co. v. Mardis, 186 Okla. 433, 98 P. 2d 593. In the Texas Title Guaranty Co. case we said that the statute authorizing amendment of process is to be liberally construed, and held that a summons not bearing the signature of the clerk and seal of the court was not void but amendable. In Johnson v. Noble, 179 Okla. 256, 65 P. 2d 502, we held that although an execution was issued without the clerk signing it, it may be amended after the sale, by order of the court upon the clerk to sign it if necessary to validate proceedings under it.

Courts as a rule will refuse to set aside an execution sale for mere irregularities, as shown by the record, in the execution or levy where the proceedings were not fraudulent or void, and the court had jurisdiction over the subject matter and parties. 33 C.J.S., Executions, §231.

The writ of execution herein being amendable, it will be accorded the same effect with reference to acts done in execution of it as if it had been amended. 33 C.J.S., Executions, §82, p. 222. The recorded facts on the public docket of the court in the case at bar show a bona fide public effort to collect the debt (judgment) 33 C.J.S., §231, supra. This being so, the process was sufficient to prevent the judgment from becoming dormant. 49 C.J.S., Judgments, §532.

Defendants third and last proposition is that there was sufficient consideration, as an accord and satisfaction, for the release and satisfaction of the judgment prior to the action on the judgment.

Elements constituting "accord and satisfaction" are liability of defendant, agreement of the amount to be paid, and acceptance of such agreement in settlement of the original claim or dispute, and defendant setting up accord and satisfaction must plead and prove such elements. Swift & Co. v. Colvert, 127 Okla. 80, 259 P. 844.

In this connection defendant asserts that the plaintiff executed a release of the judgment, which, omitting the caption, reads:

"For and in consideration of the payment to me of an amount that is satisfactory to me, receipt of which is hereby acknowledged, I, W. L. Roberts, the plaintiff above named, does hereby release and discharge a certain judgment rendered in the above entitled action on the 27th day of May, 1935, in favor of the plaintiff and against the defendant in the District Court of Carter County, and I hereby authorize and empower the Court Clerk to release the record of said judgment.

"Witness my hand this 25th day of October, 1947.

"W. L. Roberts
"Plaintiff.

"O. K.
"Champion & Fischl
"Attorneys for Plaintiff.
"Endorsed:
"Filed in District Court
"October 27, 1947
"Joe Maddox, Court Clerk
"Carter County, Oklahoma"

That this release of the judgment was made in consideration of the payment of $1,000 to plaintiff and $100 to plaintiff's attorney is admitted. Defendant contends that since the existence and validity of the judgment was disputed, there was sufficient consideration for the acceptance of a lesser amount than the face of the judgment.

This payment was given in settlement of a disputed claim, which might, and did, become the subject of further litigation and if fairly made, in good faith, without mistake, undue influence, misrepresentation or fraud, constituted sufficient consideration and was valid. First National Bank of Tecumseh v. Harkey, 63 Okla. 163, 163 P. 273.

But in the instant case the plaintiff interposed the issue of fraud and the cause was tried to a jury. The defendant demurred to plaintiff's evidence which was overruled. He then adduced his evidence, at the close of which both parties rested without filing a motion for an instructed verdict, or exception to the instructions of the court, and the jury decided the issues in favor of the plaintiff. There being no fundamental errors which would justify a reversal, we must adhere to the rule applied in Bolon v. Smith, 170 Okla. 407, 40 P. 2d 677, wherein we said:

"If a defendant, after its demurrer to the evidence of the plaintiff has been overruled, does not stand upon the demurrer but puts in its evidence, it waives the demurrer, and if it does not

move for a directed verdict after the parties have finally rested, it cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of the plaintiff."

For the reasons stated herein, the judgment is affirmed.

HALLEY, C.J., and CORN, WILLIAMS, and BLACKBIRD, JJ., concur. WELCH, DAVISON, and O'NEAL, JJ., dissent.