25 N.J. Super. 264 (1953)
96 A.2d 101
IN THE MATTER OF THE ESTATE OF ROBERT HOFFSTEDT, DECEASED.
Superior Court of New Jersey, Union County Court Probate Division.
Decided March 23, 1953.
*265 Mr. Jerome Alper for the motions.
Mr. Fredrick J. Waltzinger against the motions.
McGRATH, J.C.C.
On August 4, 1952 the will of Robert Hoffstedt, a resident, was probated in the Union County Surrogate's Office. On January 29, 1953 County Judge Walter L. Hetfield, III, signed an order dismissing a motion made on behalf of a son of the deceased, for an order to show cause why the probate should not be set aside. The reason given was that the application was expressly made under the wrong rule, and that the affidavit of non-residence was defective. This decision was not appealed. The time to file new papers expired on February 3, 1953, but no new papers were filed on or before that date.
On February 19, 1953 the attorney for the son served, and on February 20, 1953 filed, the following notice:
"Take notice that on the 12th day of March, 1953 at 10:00 o'clock in the forenoon or as soon thereafter as counsel can be heard, the undersigned attorney for Robert Lee Hoffstedt will apply to the Union County Court, Probate Division, and located in the Court House Building in the City of Elizabeth, New Jersey, and will move for the following, viz.:
(a) For leave of the Court to file the attached motion herein nunc pro tunc and as of February 3, 1953, and
(b) For an order requiring Bertha Mading to show cause why the judgment of the probate of the said Will should not be set aside or modified, upon the grounds as fully set forth in the annexed affidavits."
Mr. Alper's affidavit annexed to the notice states that, "I make this affidavit in support of a motion to permit the said Robert Hoffstedt to file his notice of motion nunc pro tunc and as within time, and that the matter be heard on its merits."
*266 The record shows that the notice was filed on February 20, 1953, and the court is asked for leave to file it again as of February 3, 1953 so as to bring the application within the six-month period. Since the motion has already been filed, the court cannot order it filed again as of another and untrue date. Nor would filing the notice as of February 3, 1953 alter the fact that the motion was not actually served until February 19, 1953. The notice was served too late and an application for leave to file it nunc pro tunc is not the proper proceeding in this case. The motion is to have the court alter the record so that it will show an untrue date of service, and to grant a rule to show cause based on such untrue date.
Filing nunc pro tunc is usually permitted where the court itself is at fault, as where an interlocutory order or judgment has not been entered through the fault of the court, the court will permit it to be entered as of the day on which the party became entitled to it. Atanasio v. Silverman, 1 N.J. 245 (1949).
"There may be cases in which the parties are entitled to have such an entry made when they themselves have caused delay, but never so as to disturb a status or impair rights." Rinehart v. Rinehart, 91 N.J. Eq. 354, 110 A. 29 (Ch. 1920).
Rule 3:6-1 provides as follows:
"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without notice order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; or the period before or after its expiration may be enlarged by consent in writing, without application to the court. But the period for taking any action under Rules 3:52-2, 3:59-2, 3:59-4, 3:59-6, or 3:60-2 shall not be enlarged."
This is not a motion to permit the act to be done after the specified time, but a motion to alter the record so as to show that it was done within time.
*267 Rule 5:3-4 provides for review and relief from a judgment of the surrogate on notice to the complainant by filing a notice within six months where the petitioner is a non-resident. It also provides that where relief is sought under Rule 3:60-2 because of excusable neglect, etc., the application for the order shall be made within six months after the entry of the judgment where the moving party resided out of the state at the time of the entry of the judgment. (As amended January 1, 1953)
Rule 3:60-2 provides that the court may relieve a party or his legal representatives from a final order, judgment or proceedings for excusable neglect, etc., which motion shall be made in a reasonable time, and in the case of excusable neglect, etc., not more than a year after the judgment, order or proceedings was entered or taken.
The petitioner here is seeking relief from the judgment of the surrogate probating the will, on the ground of undue influence and, so far as excusable delay is concerned, is merely seeking relief from failure to file a notice for review within time. It is questionable whether under Rule 3:60-2 such an application can be made in the County Court after the six-months' period has expired, since Rule 5:3-4, as amended January 1, 1953, says:
"Where relief is sought under Rule 3:60-2 because of * * * excusable neglect [etc.], the application for an order to show cause or for the relief shall be made within 3 months after entry of the judgment, or within 6 months thereafter in cases where the moving party resided out of this State at the entry of the judgment."
It is also noted that under Rule 3:6-1 the time to take any action under Rule 3:60-2 shall not be enlarged.
Petitioner also relies on the case of In re Atkinson's Estate, 13 N.J. Super. 587 (Cty. Ct. 1951). That case merely decided that proof of service of a notice of motion could be fled within time. The present application is for an order altering the record of service of the necessary notice, so as to show a fictitious date and thereby give this court jurisdiction to issue a rule to show cause based on an untrue date *268 of notice. These motions cannot be used to get relief from the judgment of the surrogate, because the rules do not provide for relief in this manner. Furthermore, since Rule 5:3-4 requires that the notice for an order to show cause why the probate should not be set aside must be served within six months after entry of the judgment in case of a non-resident, it is not likely that Rule 3:60-2 was intended to give the petitioner an additional six months, or a total period of one year, in which to secure a rule to show cause on the ground of excusable neglect.
In any event a motion to file the notice of motion for review, nunc pro tunc, is not the proper remedy, and for this reason it is on this 23rd day of March, 1953, ordered that the motions are denied with costs.