27 N.J. Super. 132 (1953)
99 A.2d 174
IN THE MATTER OF THE ESTATE OF ROBERT HOFFSTEDT, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued July 20, 1953.
Decided August 14, 1953.
*133 Before Judges McGEEHAN, PROCTOR and LLOYD.
Mr. Jerome Alper argued the cause for the appellant (Messrs. Alper & Alper, attorneys).
Mr. Fredrick J. Waltzinger argued the cause for the respondent.
The opinion of the court was delivered PER CURIAM.
This appeal originally was from two orders entered by the Union County Court, Probate Division.
*134 It appears that on August 4, 1952 the will of Robert Hoffstedt was probated in the Union County Surrogate's Court. Appellant, a son of the decedent and a resident of New York, filed a motion in the County Court for an order to show cause why the judgment of probate should not be set aside. On January 29, 1953 the County Court dismissed the motion on the ground that the notice and affidavit were defective. The time in which a non-resident may serve a notice of motion to review a judgment of the Surrogate's Court before the County Court is limited to a period of six months after the entry of judgment. Rule 5:3-4. In the present case such time expired on February 3, 1953. The attorney for the appellant on February 19, 1953 served on the attorney for the executrix a notice with an affidavit annexed that he would apply to the County Court on March 12, 1953 for leave to file a motion nunc pro tunc as of February 3, 1953, and for an order to show cause why the judgment of probate of the aforesaid will should not be set aside or modified. The notice and affidavit were filed with the court on the following day. On March 23, 1953 the County Court entered an order denying the motion. Plaintiff appealed from the above mentioned orders of January 29, 1953 and March 23, 1953.
This court, on motion of respondent, on June 15, 1953 dismissed the appeal from the order of January 29, 1953 on the ground that the appeal was taken after the time for appeal had expired. There was no error in the order of March 23, 1953 dismissing appellant's application. We agree with the reasons for the dismissal stated by Judge McGrath in his opinion reported in 25 N.J. Super. 264 (Cty. Ct. 1953). Moreover, the record discloses that after the dismissal of appellant's first motion he had ample opportunity within the time limitation of Rule 5:3-4 to file a new motion overcoming the defects of the original application.
The order of the County Court is affirmed.