MARGARET MURRAY AND PHILIP MURRAY, HER HUSBAND, PLAINTIFFS, v. BARNEGAT LIGHT HOUSE: BARNEGAT, NEW JERSEY: AND STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Law Division Hudson County

Decided October 20, 1983.

*John Gero* for plaintiffs (*John Gero,* attorney).

*Barbara L. Foglietta* for defendant (*Irwin I. Kimmelman,* Attorney General of New Jersey).

JOSEPH T. RYAN, J.D.C. (temporarily assigned).

The issue before the court in this case is whether an order granting permission to plaintiff to file a late notice of claim under the provisions of *N.J.S.A.* 59:8–9 of the New Jersey Tort Claims Act, *N.J.S.A.* 59:1–1 *et seq.,* can be entered *nunc pro tunc.* Because the facts of this case do not fit squarely within prior decisions, they shall be set forth in detail.

On August 10, 1982, plaintiff Margaret Murray suffered a dislocation of her right ankle and a fracture of her right foot while walking on the walkway around the Barnegat Light House in Barnegat, New Jersey. As a result of her injuries, Mrs. Murray was confined to her home for many months and did not consult an attorney until February 23, 1983. By a letter dated February 24, 1983, plaintiff's attorney notified defendant, Barnegat Light House, of plaintiff's accident. In a letter to the plaintiff's attorney, dated June 14, 1983, the Department of Law and Public Safety of the State of New Jersey acknowledged receipt of this notice. On July 20, 1983, plaintiff's attorney filed with the court a notice of motion seeking approval to file a late claim, pursuant to the provisions of *N.J.S.A.* 59:8–9. This motion was not returnable until August 12, 1983, two days past the one-year deadline within which the court is permitted to extend the 90 day notification period set forth in *N.J.S.A.* 59:8–8. The facts, as stated in moving papers, briefs submitted, and arguments of counsel heard on August 26, 1983, indicate that this is a case of first impression.

Under *N.J.S.A.* 59:8–8, a claim arising from a personal injury must be presented "not later than the ninetieth day after accrual of the cause of action." *N.J.S.A.* 59:8–9 leaves to the discretion of the court the decision to excuse noncompliance with the 90-day limit, "provided that the public entity has not been substantially prejudiced thereby." Plaintiff's incapacitation, following the accident at issue in this case, justifies her failure to file within 90 days. *S.E.W. Friel Co. v. N.J. Turnpike Authority,* 73 *N.J.* 107, 120 (1977). *N.J.S.A.* 59:8–9 provides that a claimant may, upon application to the court, be permitted to file a late notice of claim "at any time within one year of the accrual of his claim." Plaintiff herein filed her notice of motion with the court 21 days before the expiration of the one year grace period.

Defendant's reliance on the recent decision in *Priore v. State of New Jersey,* 190 *N.J.Super.* 127 (App.Div.1983), is misplaced. In *Priore,* the Appellate Division reversed a trial court's order

which had granted a claimant leave to file a late notice of claim. Contrary to the provisions of *N.J.S.A.* 59:8–8, the claimant had not filed a notice of claim within 90 days of the accident, but sought, however, to serve notice, without leave of the court, seven months after the fact. 190 *N.J.Super.* at 129. Claimant's motion seeking leave from the court to file a late notice was not filed until *more than one year* after the accrual of her claim. 190 *N.J.Super.* at 129. Similarly, the facts of *Anaya v. Tp. of Vernon*, 139 *N.J.Super.* 409 (App.Div.1976), *certif. den.* 71 *N.J.* 494 (1976); *Pinckney v. City of Jersey City*, 140 *N.J.Super.* 96 (Law Div.1976); and *Bell v. County of Camden, et al.*, 147 *N.J.Super.* 139 (App.Div.1977), are distinguishable from the facts herein. In each of those cases, the claimant did not bring the motion to file a late notice of claim until *after* the expiration of the one-year limitation period.

As to defendant's reliance on *Rinehart v. Rinehart*, 91 *N.J.Eq.* 354 (Ch. 1920), and *In re Hoffstedt*, 25 *N.J.Super.* 264 (Cty.Ct. 1953), aff'd 27 *N.J.Super.* 132 (App.Div.1953), in support of the proposition that the entering of a judgment *nunc pro tunc* is impermissible in this case, I find these decisions to be inapplicable to the facts of this matter. The denial of a judgment *nunc pro tunc* in *Rinehart, supra,* a divorce case, was based on the fact that, if granted, it would have changed the claimant's legal status. In the matter at hand, such a judgment would merely allow the claimant a hearing on her motion, as the court calendar permits. *Hoffstedt, supra,* a case involving the probate of a will, is also distinguishable in that that case involved:

not a motion to permit the act to be done after the specified time, but a motion to alter the record so as to show that it was done within time. [25 *N.J.Super.* at 266]

Under *R.* 1:6–3, the return date of a motion must be at least fourteen days after the notice of motion is served and filed. The first motion day after July 20, 1983, was July 29, 1983, only nine days after the filing of Mrs. Murray's notice of motion. In order to comply with the New Jersey Court Rules, the first day on which the motion could have been heard was August 12, 1983.

Consequently, the delay in the hearing of the claimant's motion was due to the administrative requirements of the court.

In *S.E.W. Friel, supra,* the Supreme Court expressed its desire that, in cases in which permission to file a late claim is sought, any doubts should be resolved in favor of the claimant, and the case should be heard on its merits. 73 *N.J.* at 122. It is in this spirit, with consideration of the fact that there is no evidence that substantial prejudice to defendant will result from the delay, that plaintiff's application to file a late notice of claim is granted, and an order allowing the filing will be entered *nunc pro tunc.*