### JONES et al. v. STANDARD LUMBER CO.

No. 16611—Opinion Filed Sept. 21, 1926.

(Syllabus.)

**Judgment—Validity—Clerical Error Fixing Answer Day in Summons.**

A summons in an action for money, regular in every respect except that the clerk erroneously fixed the answer day therein the same as the date of said summons, and which was served personally upon the defendants, is not void, and the overruling of a motion to vacate a judgment based on such summons is not error.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Standard Lumber Company against L. J. Jones et al. Judgment by default was rendered in favor of plaintiff. From an order denying defendants' motion to vacate said judgment, defendants bring error. Affirmed.

Morris & Tant, for plaintiffs in error.

Shirk, Danner & Mills, for defendant in error.

MASON, J. The defendant in error, Standard Lumber Company, hereafter referred to as plaintiff, commenced this action for money judgment and foreclosure of a materialman's lien against the plaintiffs in error, L. J. Jones, known as Lanzy Jones, and Mrs. Lanzy Jones, hereafter referred to as defendants.

Summons was issued and served person-

ally upon each of the defendants and return of service made before the return day. The summons was regular in every respect, except that the answer day named in the summons was fixed as October 7, 1921, the date of the summons, instead of November 7, 1921, the date fixed as answer day in the praecipe for summons. The summons was dated October 7, 1921, the return day was October 17, 1921, and it was served October 13, 1921.

On December 28, 1921, the defendants never having appeared or pleaded, a judgment by default was rendered against them. Thereafter, on February 9, 1924, the defendants filed their motion to vacate said judgment, alleging that the same was void, for the reason that said summons commanded the defendants to appear and answer on an impossible date, and that the court was without jurisdiction. The defendants issued no process to the plaintiff, but contented themselves with attacking said judgment by motion under section 817, C. O. S. 1921, which provides that a void judgment may be vacated at any time on motion. Said motion was overruled on January 24, 1925, and the defendants have duly perfected their appeal to this court.

For reversal, it is contended that the fixing of the answer date prior to the service of summons rendered not only the summons void, but also the judgment rendered thereon.

The form of summons in such an action is prescribed by section 233, C. O. S. 1921, as follows:

"The summons shall be issued by the clerk, upon a written praecipe filed by the plaintiff; shall be under the seal of the court from which the same shall issue, shall be signed by the clerk, and shall be dated the day it is issued. It shall be directed to the sheriff of the county, and command him to notify the defendant or defendants, named therein, that he or they have been sued, and must answer the petition filed by the plaintiff, giving his name, at a time stated therein, or the petition will be taken as true and judgment rendered accordingly; and where the action is on contract for the recovery of money only, there shall be indorsed on the writ the amount, to be furnished in the praecipe, for which, with interest, judgment will be taken, if the defendant fail to answer. If the defendant fail to appear, judgment shall not be rendered for a larger amount and the costs."

The summons in the case at bar conformed, in every respect, to this section of the statutes. It was issued under the seal of the court, was signed by the clerk, dated the day it was issued, was directed to the sheriff, commanded him to notify the defendants that

they had been sued and must answer the petition filed by the plaintiff, giving its name, and the time for answer was stated therein, and it bore the indorsement of the amount for which judgment would be taken. The time for answer is provided by section 284, C. O. S. 1921, as follows:

"The answer * * * shall be filed within 20 days after the day on which the summons is returnable. * * *"

The defendants were advised, personally, of everything which the statute required the summons to contain. It is true the summons did not name the correct day for answer as provided by section 284, supra. The only respect in which the defendants could possibly be prejudiced was the time in which they might answer. Notwithstanding the erroneous date in the summons, they could have secured the full time given by section 284, supra, by appearing specially and moving to quash the summons or by asking additional time to answer. The summons served upon them gave them all the other information relative to the suit. The record discloses that the judgment was not rendered until long after the expiration of the statutory time for answering.

The statutes of Kansas are identical with the sections of our statutes above quoted.

In Young v. Newbold, 217 Pac. 269, the Supreme Court of that state had practically the same questions before it, and a summons defective in the same manner as the one in the instant case. The question presented was whether the trial court should have permitted the plaintiff to amend the summons so as to give the defendant the statutory time to answer. The court took the view that if the summons were absolutely void, it could not be amended, but if it were merely irregular, the trial court should have permitted the plaintiff to make said amendment. The opinion then holds that the summons was not void, but irregular. The rule is announced in the syllabus as follows:

"A summons in an action for money regular in every respect except that it gave only 14 days to answer, instead of 20, and which is served personally upon the defendant is not void. The trial court should have permitted an amendment upon plaintiff's application or extended the time for answer."

Freeman on Judgments (5th Ed.) vol. 1, p. 691, sec. 341, announces the rule as follows:

"Defects, that is, that could have been amended or obviated had they been brought to the attention of the court whose record is being assailed and which do not mislead the

defendant, are of no importance upon an issue as to the validity of the judgment.'' * * * It is sufficient in any case that the process is regular enough to inform the defendant of the nature of the proceedings against him, of the interest he has in them and of the court where the hearing will take place.''

In 33 Corpus Juris, p. 1092, the rule is stated as follows:

"Although the service of process may have been defective or irregular, the judgment will not necessarily be void. Advantage of such a matter should be taken by a proper motion or proceeding in the action. It is only when the attempted service is so irregular as to amount to no service at all that there can be said to be a want of jurisdiction rendering the judgment. * * *''

32 Cyc. 434, states the rule as follows:

"An error in stating the time at which process is returnable, or a failure to follow the statutory language for the time for appearance, is not fatal where defendant is neither deceived nor misled.''

It is apparent from the record that the defendants were neither deceived nor misled by the erroneous answer date in the summons, and it is also apparent from the foregoing authorities that the same could have been corrected by the court upon timely and proper proceedings by the defendants. They stood by and failed to take any steps to have the summons corrected and made no defense whatever to the plaintiff's action until more than two years after the judgment was rendered against them, although they were aware of the mistake in the answer date of the summons and of the pendency of the action. They ought not now, in our opinion, be heard in any form of proceedings to contest the validity of such summons and judgment based thereon.

We must conclude the defect did not go to the jurisdiction of the court over the person of the defendants, and that the summons was not void, but only irregular. The judgment of the trial court in overruling the motion to vacate said judgment is therefore affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See 33 C. J. p. 1091. §51; 34 C. J. pp. 271, 272, §493; 32 Cyc. p. 434.