500

SOLOMON HIRSCH AND ALEXANDER FROMM, TRADING AS MORRISTOWN LIGHTING SUPPLY COMPANY, PLAINTIFFS, v. LYLE M. DePUY, DEFENDANT.

Argued January 18, 1933—Decided June 17, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiffs, *Irving Youngelson.*

For the defendant, *Frank Kemble.*

PER CURIAM.

The matter is before us on motion attempted to be made on behalf of the defendant to set aside the summons and the service thereof and incidentally to set aside the judgment entered by default in the cause as well as the execution or executions and any steps taken thereunder. The summons in the cause was served, with complaint, upon the defendant May 9th, 1931, and judgment by default was entered on June 4th, 1931, for $348.56 damages and costs. On June 5th, 1931, the original execution was issued and returned unsatisfied, and on December 28th, 1932, an alias execution was issued and a levy made thereunder. Thereafter, on January 7th, 1933, the defendant obtained a rule to show cause why the judgment should not be opened. That rule was heard by Mr. Justice Parker and was dismissed by him on the ground of laches in the making of the application. The record placed in our hands is singularly crude and informal, but it discloses that the summons was not dated, that it carried no seal,

and that although the name and title of the clerk were typed in the space usually occupied by the signature there was no actual signature. The plaintiff resists upon the ground, amongst others, of laches.

We are not prepared to hold that the absence of a date from a summons is of itself fatal. Section 47 of the Practice act (3 *Comp. Stat., p.* 4065), provides that "every process shall bear date on the day on which the same shall be issued * * * ;" but that provision seems to be directory. *Morris Canal and Banking Co.* v. *Mitchell,* 31 *N. J. L.* 99, 103. It remains true, however, that the omission is an irregularity. Nor do we consider that the absence of a seal is fatal, though this, too, is an obvious irregularity and a departure from immemorial usage. It has been held that the signature of the clerk to a writ may be appended by the attorney (*Seaman* v. *Perth Amboy,* 98 *N. J. L.* 174; 119 *Atl. Rep.* 278), but of course that is not to say that a writ of summons should not be signed either by or in the name of the clerk. The omission is a further irregularity. It seems that there must be a point at which the accumulation of irregularities in a paper that assumes to be a writ deprives that instrument of authenticity; this not so much, perhaps, to preserve the dignity of the court and the regularity of practice as to establish the official character of a writ to the extent that a person served therewith may know with certainty that it is a court process. But we are persuaded that the defendant was at no time in doubt as to the significance or the authority of the summons or of the complaint, both of which were lawfully served upon him. The testimony taken on the rule leads us to the further conclusion that he had pactically contemporaneous knowledge of the entry of udgment and of the issue of the original execution and of the attempted levy thereon. However voidable or subject to amendment the summons may have been (Practice act, 3 *Comp. Stat., p.* 4066, § 48), it was not, we think, void; and the defendant by his laches forfeited his day in court thereon.

Having thus given our views on the merits, we announce a further and of itself sufficient reason for the dismissal of the motion in that, contrary to Supreme Court rule 161, the

prosecutor's attorney, not a counselor-at-law, undertook to appear and argue the matter at the bar of this court and the brief submitted was not signed by a counselor-at-law.

The motion is dismissed, with costs to the respondents.