TEXAS TITLE GUARANTY CO. V.
MARDIS et al.

*98 P. 2d 593.*

No. 28932.   Nov. 7, 1939.

Rehearing Denied Jan. 30, 1940.

W. F. Schulte, of Ada, for plaintiff in error.

J. L. Emerick, of Ada, and Charles Swindall, of Oklahoma City, for defendants in error.

HURST, J. This appeal involves the validity of a summons issued in a mortgage foreclosure suit brought by the Texas Title Guaranty Company against William J. Mardis and his wife, mortgagors. After judgment by default, the land covered by the mortgage was bought in by plaintiff at sheriff's sale, and more than two years after the sale, and more than five years after the maturity of the note, defendants filed a special appearance and motion to quash the summons and to vacate the judgment and all proceedings had thereunder, on the ground that the summons was not signed by the clerk, and the seal of the court was not affixed to the same, and that it was therefore void and the court was without jurisdiction of the persons of defendants. Thereupon plaintiff filed a motion to amend by having the clerk sign the summons and affix the seal thereto. Upon a hearing defendant William J. Mardis testified that a summons was served upon him and his wife at about the date of the summons in this case; that he did not now have the copy served, and that he made no effort to defend the action. He also admitted signing the note and mortgage, and receiving money from the mortgagee. The court clerk testified that she was not sure whether the summons filed was the original, but supposed it was. She thought she could feel the imprint of the seal, but could not see it, and would not state positively that the seal was affixed. Defendants objected to the jurisdiction of the trial court to hear the plaintiff's motion, and participated in the hearing so far as to make various objections to the evidence on jurisdictional grounds, but offered no evidence except the record of the case, and did not ask for affirmative relief. The court denied plaintiff's motion to amend, and sustained defendants' motion to quash and vacate. Plaintiff appeals.

1.   Plaintiff asserts that the trial court should have sustained his motion to amend, and permitted the amendment for the reason that the summons, while admittedly defective, was not void but merely irregular and voidable, and therefore subject to amendment under section 251, O. S. 1931, 12 Okla. St. Ann. § 317, which provides:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any

party, or correcting a mistake in the name of a party, or mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

. This presents for consideration the decisive question in this case. Process which is merely voidable is amendable, but void process may not be amended, for the reason that it is a nullity and there is nothing to amend. 50 C. J. 600; 21 R. C. L. 1326. Therefore if the failure of the deputy court clerk to sign the summons and affix the seal of the court thereto rendered it so fatally defective that the court was without jurisdiction to render the judgment it did render, the process was void and not subject to amendment.

While this court has not heretofore passed upon the validity of a judgment based upon a summons lacking the signature of the clerk and the imprint of the court seal, it has, in several cases, considered various defects in process. Thus, in Jones et ux. v. Standard Lumber Co. (1926) 121 Okla. 186, 249 P. 343, this court upheld a judgment based on process defective in that the answer day of the defendant was fixed as October 7th, which was the date of the issuance of the summons. The court in that case, quoting from Freeman on Judgments, held in effect that process was adequate to confer jurisdiction when it was sufficiently regular to inform the defendant of the nature of the proceedings against him, of the interest he had in them, and the court in which the hearing would take place. It declared the process irregular, but not void, and held the judgment based on the service thereof valid. In Chaney v. National Bank of Commerce of Tulsa (1937) 179 Okla. 469, 66 P. 2d 917, this court held that a summons in which the name of the plaintiff was not correctly given was not void, but irregular and amendable,

where the attack thereon was made after judgment. In that opinion the court stated that, since the question was an open one in this state, and the authorities elsewhere were divided, it preferred to hold thus because such holding conformed to the spirit of the Code and of modern practice. In Springfield Fire & Marine Ins. Co. v. Gish, Brooks & Co. (1909) 23 Okla. 824, 102 P. 708, the court reviewed numerous authorities on this question, and quoted with approval the statement that almost every possible defect in the form of a summons was amendable, the only limit being the discretionary power of the court to protect the substantial rights of the adverse party. In Lawton v. Nichols, Sheriff (1903) 12 Okla. 550, 73 P. 262, the territorial Supreme Court held that a summons lacking the endorsement of the amount sued for required by statute was not void, but voidable, and that service of such summons gave the trial court jurisdiction of the person of the defendant, and was sufficient to sustain a judgment against him, in the absence of a showing that the judgment was excessive.

From the above cases, it is apparent that this court is committed to the liberal rule that defects in the form of process do not render it void, but only irregular and amendable, where such defective process is sufficient to advise the defendant of the nature of the case, the court in which it is filed, and his interest therein, and that such irregularity will not invalidate a judgment based on such process. This rule has been announced and followed in Kansas, from which our statutes were adopted, and in many other states. Taylor v. Buck (Kan. 1900) 60 P. 736; Aultman & Taylor Machinery Co. v. Wier (Kan. 1903) 74 P. 227; Gans v. Beasley et al. (N. D. 1894) 59 N. W. 714; Rushing v. Ashcraft (N. C. 1937) 191 S. E. 332; Hirsh v. De Puy (N. J. 1933) 166 Atl. 720; Hammond-Chandler Lumber Co. v. State Ind. Com. (Wis. 1916) 158 N. W. 292; Mattice v. Babcock (Idaho, 1932) 20 P. 2d 207; Southern Cotton Oil Co. v. Hewlett (S. C. 1917) 93 S. E. 195; Oliver v. Routh

et al. (Ark. 1916) 184 S. W. 843; Austin v. Lamar Insurance Co. (Mass. 1871) 108 Mass. 338; State v. Davis et al. (1881) 73 Ind. 359. In states where the signature of the clerk, affixing of the seal, or other formality is required by the Constitution, such requirement is held mandatory, and failure to comply therewith renders the process void and not subject to amendment. The only requirement made by our Constitution is contained in section 19, art. 7, which provides that the style of all process shall be "The State of Oklahoma."

The decisions above cited, and others which conform to the rule of liberal amendment, proceed upon the theory that statutory requirements which do not go to the substance of the process are directory only, and, the statute requiring them being of no greater dignity than the statute permitting amendment, they are therefore subject to the operation of the latter. While there are cases such as Sharman v. Huot (Mont. 1898) 52 P. 558, and Pinkham v. Jennings (Me. 1923) 122 Atl. 873, holding the statutes specifying the essentials of process mandatory, and that process lacking any such essential is void and incapable of amendment, we do not think they are so well reasoned or consonant with justice as the cases which support the more liberal rule.

An examination of the summons in this case shows that under the liberal rule adopted by this court it was not void, but irregular and voidable, and capable of amendment. It was sufficient to give the court jurisdiction of the person of the defendants, and to sustain the judgment rendered. Defendant William J. Mardis testified that he did not appear and defend the action because he was not able to appear, and could not afford to hire an attorney. There is no showing that defendants had any defense to the action which the defects in the summons prevented them from asserting. The summons was sufficient to advise defendants of the nature of the action, the court in which it was brought, and their interest therein. The trial court should have permitted the amendment, and denied defendants' motion to quash, and his failure to do so is reversible error.

2. Defendants urge that the appeal is entitled to no consideration for the reason that the motion for new trial failed to specify any statutory ground. The motion for new trial being unnecessary, this contention must fail. White et al. v. Security National Bank of Oklahoma City (1930) 145 Okla. 36, 291 P. 965.

The judgment is reversed, with instructions to the trial court to sustain the motion for leave to amend, and deny the motion of defendants to quash and vacate.

BAYLESS, C. J., and GIBSON, DAVISON, and DANNER, JJ., concur.