HARDEN v. KIFER.

No. 29013.  Dec. 10, 1940.

Rehearing Denied March 25, 1941.

*111 P. 2d 490.*

Pryor, Sandlin & Wilson, of Holdenville, G. O. Wallace, of Wewoka, and C. F. Green, of Ada, for plaintiff in error.

Reuben M. Roddie, A. L. Beckett, and Ram Morrison, all of Oklahoma City, for defendant in error.

HURST, J. Plaintiff Kifer brought this action against defendant Harden for money due on an express oral contract of employment at a specified monthly salary. From a verdict and judgment for plaintiff, defendant appeals.

Defendant makes two contentions: (1) That the trial court erred in overruling his motion to quash the summons served upon him, and in permitting the amendment thereof; and (2) that the trial court erred in the admission of certain evidence. We dispose of these in order.

1. Owing to the condition of the record, it is difficult to determine in what respects the summons was defective. From the copy thereof attached to defendant's motion to quash, it appears that it was issued to the sheriff of Pontotoc county, notified defendant that he had been sued by plaintiff in the district court of Pontotoc county, was issued under the seal of the court clerk of that county, and bore the name of such court clerk and the signature of her deputy on the back thereof. It contained the correct number of the case, and was certified as a true copy by the undersheriff of Pontotoc county. The original summons shows service on defendant by a deputy sheriff of Pontotoc county. The motion to quash sets out a number of defects which do not appear in the copy of the summons thereto attached. No oral evidence was offered at the hearing of the motion to quash.

Such summons, although not signed by the court clerk of Pontotoc county at the place for signature on its face, was sufficient, under the rule announced in Texas Title Guaranty Co. v. Mardis, 186 Okla. 433, 98 P. 2d 593, and the defects were amendable, being defects of form rather than of substance. If the record does not correctly reflect the condition of the summons in its original state, the fault lies with defendant, as he stipulated that the case-made was correct and suggested no amendments thereto. The summons attacked in Redcorn v. District Court of Eighth Judicial District, 141 Okla. 237, 284 P. 1113, which is relied upon by defendant, is so different from that in the present case as to render that decision inapplicable. The trial court did not err in permitting the amendment and overruling the motion to quash.

2. Defendant's second contention is based upon the admission of the testimony of the witness Shelton. Plaintiff testified that in the latter part of 1934 he had worked for defendant for $1 per day, and that during that time oil was discovered on defendant's land; that plaintiff was offered a job at $150 per month by a representative of an oil company, and that he advised defendant of such offer, and of his intention to accept it; that thereupon defendant told him that he would pay plaintiff the same salary if plaintiff would remain and look after the farm, which plaintiff agreed to and did. Plaintiff testified that he could not produce at the trial the oil company representative who offered him the job with that company for the reason that the latter had been transferred to South America. Plaintiff further testified that a few days after his agreement with defendant to remain at a salary of $150 per month, Shelton had offered him a job at $5 per day, and that he told Shelton that he was working for defendant. An objection as to what he told Shelton was sustained. Plaintiff testified that he informed defendant of this offer by Shelton, and that defendant said, "I can pay you just as much as they can pay you because I have got to have somebody I can depend on." Shelton testified that he offered to hire plaintiff at $5 per day on straight time, and that plaintiff told him that he had a job, that he was working for defendant. No objection was made to his testimony except to his statement that his offer was for straight time, and his further statement that plaintiff said he had a job, and was working for defendant. There is no contention that

540

plaintiff was not employed by defendant at the time, but defendant contends that plaintiff continued to work for $1 per day, and that there was no agreement to pay him $150 per month. In view of the nature of the dispute between the parties, we think the statement of the witness that plaintiff told him he had a job, and that he was working for defendant, even if the admission thereof was error it was harmless, as plaintiff's employment is not disputed. Moore v. Barker, 186 Okla. 312, 97 P. 2d 776. The statements did not refer to the wages he was receiving, which is the question in dispute. The evidence of offers of employment was not objected to, and was competent and relevant, as having a tendency to show that the contract of employment testified to by plaintiff was more reasonable and probable than that for which defendant was contending. Jones, Commentaries on Evidence (2d Ed.) § 603; 20 Am. Jur. 240; 22 C. J. 167.

As requested by the plaintiff, judgment is directed to be entered on the supersedeas bond.

Affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN and NEFF, JJ., concur.