## TYLER BOAT WORKS v. SCHREINER et al.

### No. 31536. Dec. 5, 1944.

*153 P. 2d 1004.*

Ernest R. Brown, of Pryor, for plaintiff in error.

Leslie W. Lisle, of Tulsa, for defendants in error.

CORN, C.J. This is an appeal from an order of the district court of Mayes county, sustaining a demurrer to and dismissing an application for an injunction restraining the sale of real estate pursuant to a judgment of foreclosure. From said order and judgment of the court the plaintiff appealed, the plaintiff in these proceedings being the defendant in the foreclosure action. For convenience the parties will be referred to herein as plaintiff and defendants as they appeared in the trial court in said special proceedings.

The plaintiff procured a temporary restraining order from the judge of the county court of said county, which, upon hearing in the district court, was modified so as to permit the sale as previously advertised, but without prejudice to the rights of plaintiff at the hearing for confirmation.

The application was based upon a defect or irregularity in the summons in the foreclosure action, which the plaintiff contends was fatal to the validity of the judgment. At the hearing upon confirmation of the sale, the trial court found and held that the defect in the summons was not such as to render the judgment invalid.

The sole question presented by the appeal is whether the summons was sufficient to confer jurisdiction upon the court to render a valid judgment.

The summons was on a Tulsa county blank and in the body thereof the words, "in the City of Tulsa," as the locus of the court, had not been blocked out and the words "City of Pryor" inserted, with the result that it directed the defendant to answer the "petition" of said G. A. Schreiner filed against it in said court in the city of Tulsa, in said county." The summons was in every other respect regular and in accordance with the statute. (1) It was entitled in the district court of Mayes county. (2) It advised the defendants that it had been sued in the district court of Mayes county by G. A. Schreiner. (3) It directed the defendant to answer the petition filed against it in said court. (4) The return date and answer were regular in every respect, and the service was regularly made. (5) It recited that the hand and seal of the court clerk had been affixed at Pryor, Okla., and (6) It bore the seal of the district court of Mayes county.

It is therefore apparent that the summons was in substantial compliance with the statute. 12 O.S.A. § 153, the same having been issued by the clerk, upon written praecipe of plaintiff, under seal of the court, signed by the

clerk, dated the day of issuance, commanding the sheriff to notify the defendant it had been sued, giving proper answer date, and directed the defendant to file answer in said court, in said Mayes county.

In view of the entire contents of the summons we do not believe that the officers of the corporation were in fact misled by the irregularity, or prevented from pleading in the case by reason thereof.

The irregularity in the summons was amendable under 12 O.S. 1941 § 317, which provides:

"The court, may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment."

This court is committed to the rule of liberal construction authorizing amendment of summons. Jones v. Standard Lumber Co., 121 Okla. 186, 249 P. 343; Texas Title Guaranty Co. v. Mardis, 186 Okla. 433, 98 P. 2d 593; Harden v. Kifer, 188 Okla. 538, 111 P. 2d 490. In the first paragraph of the syllabus in both cases last above cited, this court held:

"Statute authorizing amendment of summons to be liberally construed."

The summons in the two cases just referred to did not bear the signature of the clerk of the court upon the face thereof, and in the latter case the seal of the court was not affixed, yet it was held by this court that such defects did not render the summons void, but the same were amendable.

Under the particular facts in this case we do not think that the discretion of the trial court was abused in denying the injunction and dismissing the case.

The judgment is affirmed.

All concur.