George R. MERRITT and Eula Juanita Merritt, Plaintiffs in Error,

v.

CORPORATION COMMISSION of the State of Oklahoma, and the State of Oklahoma, and the Southwest Eola Unit, Defendants in Error.

No. 41986.

Supreme Court of Oklahoma.

Feb. 13, 1968.

Rehearing Denied March 25, 1968.

DeBois & Peck, Duncan, and W. D. Hart, Pauls Valley, by O. L. Peck, Jr., Duncan, for plaintiffs in error.

Ralph L. Wampler, Conservation Atty., Nell Rhodes Fisher, Asst. Conservation Atty., Oklahoma City, for defendant in error, Corporation Commission of Oklahoma.

M. Darwin Kirk, J. P. Greve, William R. Loar, David G. Probst, Ben Hatcher, Tulsa, for defendant in error, Southwest Eola Unit.

Otjen, Carter & Huddleston, by Charles G. Huddleston, Enid, General Counsel for Oklahoma Farm Bureau amicus curiae.

G. T. Blankenship, Atty. Gen., of Oklahoma, Brian H. Upp, Asst. Atty. Gen., for Oklahoma Water Resources Board amicus curiae.

IRWIN, Vice Chief Justice:

Plaintiffs in error, herein referred to as Applicants, are the owners of the surface rights to a tract of land included in a plan of unitization approved by the Corporation Commission in Order No. 51992, which contained the following proviso:

"The Unit and Unit operator shall have free use of surface or subsurface water from the Unit area for Unit operations, including the right to drill water supply wells; * * *."

Applicants filed an application with the Commission for a clarification of Order No. 51992, concerning the definition or meaning of the word "water" as therein used. Simply stated, Applicants sought an interpretation and clarification as to whether

the word "water" as used therein, included "fresh ground water." Applicants' interests in such clarification is disclosed in their application wherein it was alleged that "the unit commenced to take fresh water from a well located on Applicants' surface and to transport same to other leases within the unit area for the purpose of injecting same in a repressuring flood program * * *."

After hearing, the Commission issued Order No. 61704, wherein it defined "water" as used in the plan of unitization, to mean "water of any character, fresh, salty, or otherwise." Applicants perfected an appeal from this order.

Applicants contend that there "is but a single question involved in this appeal, to wit: Does an order of the Corporation Commission * * * creating a unit for secondary recovery purposes give the unit operator the right to transport fresh water from beneath one tract of land within the unit to leases throughout the unit for injection purposes?"

Defendants in error, herein referred to as defendants, contend that the oil and gas lease covering the land on which the fresh water well is located, contained the provision that "Lessee shall have the right to use, free of cost, gas, oil and water produced on said lands for its operations * * *"; that the Commission's order granting the right to take the fresh ground water was merely a confirmation of the contractual rights created by law; that the creation of this unit extended the contractual rights to the boundaries of the unit and gives the unit operator the right to use water throughout the unit as though only one lease were involved; and that a landowner, or his licensee, has the right to take fresh ground water from his land for legitimate beneficial uses, including mining, manufacturing and industrial uses, without obtaining a permit from any governmental authority, so long as a critical ground water area is not established and priority of claims to such ground water is not determined pursuant to the Oklahoma Ground Water

Laws, but such right is subject to Article 2, Sec. 23, of the Constitution, which protects adjacent landowners in the event they suffer damages.

In examining and analyzing defendants' argument and briefs in support thereof, we find that they are based upon defendants' general assumption that the Corporation Commission has the jurisdiction and power to authorize the appropriation and use of fresh ground water for injection purposes in secondary recovery operations. Therefore, the first issue that we should consider and determine is:

"When the Corporation Commission creates a unit for secondary recovery purposes, does it have the jurisdiction and power to authorize the appropriation and use of fresh ground water for injection into the unit?"

■■ In resolving this issue we must be cognizant of the well settled rule that the Corporation Commission is a tribunal of limited jurisdiction, and that it has only such jurisdiction and authority as is expressly or by necessary implication conferred upon it by the Constitution and statutes of this state. See Kingwood Oil Company v. Hall-Jones Oil Corporation, Okl., 396 P.2d 510. If our Constitution and statutes have not conferred upon the Corporation Commission, either expressly or by necessary implication, the jurisdiction and power to authorize the appropriation and use of fresh ground water for injection purposes in a secondary recovery project, the Commission's Order No. 61304, defining "water", as used in the plan of unitization, to include fresh ground water is void. See Gulf Oil Corporation v. State, Okl., 360 P.2d 933. If such order is void, the same confers no rights to appropriate or use the fresh ground water in question.

We will now consider the laws applicable to the appropriation and use of fresh ground water. Title 60 O.S.Supp. 1963, § 60, provides:

"The owner of the land owns water standing thereon, or flowing over or under its surface but not forming a definite

stream. The use of ground water shall be governed by the Oklahoma Ground Water Law. * * *."

Title 82 O.S.1961, Secs. 1001 thru 1019, as amended, is cited in § 1001 thereof, as the "Oklahoma Ground Water Law". Section 1002 defines the term "ground water", and "fresh ground water" as used herein means "ground water" as employed in the Oklahoma Ground Water Law. Section 1002, subsection (g) provides that the provisions of this act shall not apply to the use or disposal of salt water associated with the exploration, production or recovery of oil and gas. Section 1004 relates to taking and using ground water for domestic purposes, with limitations. Section 1005 concerns priority of claims for appropriation of fresh ground water and § 1006 relates to applications filed with the Water Resources Board to establish priority of claims to appropriate ground water in a ground water basin in which there has been no court adjudication of existing rights to appropriate ground water. Section 1008 relates to suits to adjudicate water rights and Sec. 1013 relates to licenses or permits to appropriate water and the prevention of waste. Section 1018 prescribes the penalty for violation of the "Ground Water Law". Section 1019 provides that the Ground Water Law shall not be construed "to limit, modify or repeal in any way the powers, duties or functions of * * * the Corporation Commission, insofar as the same relates to the subject matter hereof." Title 82 O.S. 1961, § 1071, creates the Oklahoma Water Resources Board, and Section 1072 sets forth the Board's authority.

We have examined the Oklahoma Ground Water Law and have found no statutory authority whatsoever conferring, either expressly or by necessary implication, jurisdiction and power upon the Corporation Commission to authorize the appropriation or use of fresh ground water. However, by virtue of § 1019, supra, if the Corporation Commission has such jurisdiction and power, the "Oklahoma Ground Water Law" does not limit, modify or repeal in any way its powers, duties or functions.

We will now examine the pertinent statutory provisions to determine if the Corporation Commission has jurisdiction and power to authorize the appropriation and use of fresh ground water for injection purposes in secondary recovery projects. We find that the Corporation Commission is charged with the duty to make rules, regulations and orders for the protection of all fresh water strata encountered in any well drilled for oil or gas. Title 52 O.S.1961, § 86.2 and § 273. The Commission is vested with jurisdiction, power and authority and it shall be its duty to make and enforce such rules, regulations and orders governing and regulating the handling, storage and disposition of salt water for the purpose of preventing the pollution of the surface and subsurface waters of the state. Title 52 O.S.Supp.1965, § 139. The Legislature declared it to be in the public interest to protect the waters and lands of the state against pollution from oil and gas wells or injection or salt water disposal wells, which have been abandoned and are leaking salt water into fresh water formations, by plugging, replugging or repairing same by and under the authority and direction of the Commission. Title 52 O.S.Supp.1965, § 309. These statutes reveal the Commission is charged with the authority and duty to protect fresh water strata in the state, but it is not authorized to regulate the appropriation or the use of fresh water in this State.

We have examined the jurisdiction and powers conferred upon the Oklahoma Water Resources Board in connection with the jurisdiction and powers of the Corporation Commission and in our opinion there is a clear-cut distinction between the Oklahoma Water Resources Board's jurisdiction and power to *regulate* the appropriation and use of fresh ground water and the Corporation Commission's jurisdiction and power to *protect* fresh ground water. Simply stated, the Corporation Commission does not have the jurisdiction and power to authorize the appropriation and use of fresh ground water.

We hold that when the Corporation Commission creates a unit for secondary recovery purposes, it does not have the jurisdiction and power to authorize the appropriation and use of fresh ground water for injection into the unit.

Since the force and effect of the Corporation Commission's Order No. 61704 is to authorize the appropriation and use of fresh ground water for injection purposes, and we have determined that the Commission does not have jurisdiction and power to authorize such appropriation and use, we hold that the Corporation Commission's Order No. 61704 is void. Being void, the same confers no rights upon the unit or unit operator to appropriate or use the fresh ground water in question.

Inasmuch as Order No. 61704 is void and it is the only order before this Court on review, it is unnecessary to consider any of the other arguments presented.

Order No. 61704 reversed.

JACKSON, C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY, HODGES and McINERNEY, JJ., concur