**CITY INSURANCE COMPANY, a New Hampshire Corporation, Appellee,**

v.

**Kenneth RASOR, an individual, d/b/a Rasor Maintenance Company and Rimco, Appellant.**

**No. 61,907.**

Court of Appeals of Oklahoma, Division No. 4.

April 30, 1985.

Released for Publication by Order of Court of Appeals June 3, 1985.

Kevin Blaney, Eagleton, Nicholson, Jones, Blaney & Pringle, Oklahoma City, for appellee.

John P. Sopher, Oklahoma City, for appellant.

BRIGHTMIRE, Presiding Judge.

The sole issue here is whether a summons issued on December 2, 1983, directing defendant to answer "on or before January 2, 1983," was facially void. We hold it was not.

I

On December 2, 1983, City Insurance Company brought an action against Kenneth Rasor to recover $4,731 allegedly due and owing on an open account for insurance policies sold to Rasor. Defendant did not answer and on January 6, 1984, a default judgment was entered. Defendant filed a motion to set aside the default judgment on January 27, 1984, on the grounds that the court lacked in personam jurisdiction because the summons served on him was void in that it failed to recite an answer date which was at least thirty days from the date summons was issued as required by statute. The court overruled defendant's motion and defendant appealed. We affirm.

II

■ To support his argument that the default judgment should be set aside, defendant refers us to 12 O.S.1981 § 155(c), which provides that "[t]he summons shall state the answer date which shall be not less than thirty (30) days from the date summons was issued." Defendant argues that the summons in the instant case did not comply with § 155(c), the effect of which was to deprive defendant of actual notice of the answer date and the court of jurisdiction to grant a default judgment. The argument is without merit. In Oklahoma, process is sufficient to confer jurisdiction if it informs the defendant that he has been sued, of the nature of the proceedings against him, of his interest therein, and of the court where the hearing will be held. *Jones v. Standard Lumber Company*, 121 Okl. 186, 249 P. 343 (1926).

■ Here the erroneous date, an obvious scrivener's error, was amendable under the provisions of 12 O.S.1981 § 317, and therefore did not make void an otherwise adequate notice of the lawsuit. Though the summons did not name the correct answer date the fact is, as the court stated in *Jones*, that "the defendants were neither deceived nor misled by the erroneous answer date.... They stood by and failed to take any steps to have the summons corrected, and made no defense whatever to the plaintiff's action until ... after the judgment was rendered against them, although they were aware of the mistake in the answer date of the summons and of the pendency of the action." *Id.* at 345. The court concluded, "[t]hey ought not now, in our opinion, be heard in any form of proceedings to contest the validity of such summons and judgment based thereon." *Id.*

Defendant seeks to extinguish the import of *Jones* on the basis that it dealt with different statutes which, unlike the one applicable here, did not make the correct recitation of the answer date mandatory and essential to the validity of the summons.

We disagree with the thrust of this thesis.[1] In its relevant essentiality the thirty-day answer provision of § 155(c) does not significantly differ from the intendments of its statutory ancestry construed in *Jones* and certainly does not require the interpretation urged.

The ultimate fact is that the clerical error did not deprive defendant of his thirty-

---

1. Okl.Comp.Stat., ch. 3, §§ 233 and 284 (1921).

day answer period entitlement. Given the notice he received he was entitled to take thirty days to answer with perfect confidence that any judicial action against him during that period of time would, of course, have been void. We consider defendant's position untenable, if not frivolous, and insufficient to justify vacation of the default judgment.

Order appealed affirmed.

RAPP and STUBBLEFIELD, JJ., concur.