**Gerald T. VanNORT, Appellee,**

v.

**Kenneth DAVIS, Appellant.**

**No. 73023.**

Court of Appeals of Oklahoma, Division No. 3.

Oct. 30, 1990.

As Corrected Dec. 19, 1990.

Ronald L. Kincannon, Boise City, for appellee.

John Richardson, Elkhart, Kan., for appellant.

## MEMORANDUM OPINION

HUNTER, Vice Chief Judge:

Appellee filed this small claims action against Appellant on January 20, 1989. Appellee attempted to serve process on Appellant by certified mail, but Appellant refused to accept the mail and the process was returned undelivered. Appellee did not seek to serve Appellant personally or by any other manner. On February 8,

1989, a default judgment was rendered against Appellant for $240.00 plus costs and interest. Appellant was unaware of the lawsuit against him until he received a copy of the journal entry of judgment by first class mail. Appellant thereupon filed a motion to set aside judgment on the ground that service was legally insufficient and the trial court therefore lacked jurisdiction. Upon hearing, the trial court overruled Appellant's motion, finding that notice was sufficient under the Small Claims Procedure Act (SCPA) and Rule 10 of the Rules for District Courts of Oklahoma. This appeal followed.

On appeal, Appellant alleges the trial court erred in finding that notice to him was sufficient under the requirements of the SCPA, 12 O.S. 1981 §§ 1751 *et seq.* The SCPA governs the procedure to be followed in all small claims actions. 12 O.S.Supp.1985, § 2001.

Section 1755 of the SCPA sets forth specific requirements for service of process upon a defendant, as follows:

Unless service by the sheriff or other authorized person is requested by the plaintiff, the defendant shall be served by mail. The clerk shall enclose a copy of the affidavit and the order in an envelope addressed to the defendant at the address stated in said affidavit, prepay the postage, and mail said envelope to said defendant by certified mail and request a return receipt from addressee only. The clerk shall attach to the original affidavit the receipt for the certified letter and the return card thereon or other evidence of service of said affidavit and order. If the envelope is returned undelivered and sufficient time remains for making service, the clerk shall deliver a copy of the affidavit and order to the sheriff who shall serve the defendant in the time set in Section 1756.

Section 1756 provides that if sufficient time does not remain for personal service, the plaintiff can apply for a new order with a different time for appearance, which the clerk must prepare. Sections 1764 and 1765 also provide for the fees for personal service to be collected by the clerk and taxed as costs to be awarded the prevailing party. Thus, if the plaintiff prevails, he is not prejudiced by the cost of personal service upon the defendant.

 Jurisdiction depends upon issuance and service of process and without these, jurisdiction does not obtain. Statutes prescribing the manner of service of summons must be substantially complied with in order to vest the court with jurisdiction. *Nikwei v. Babcock,* 822 F.2d 939 (10th Cir.1987); *Williams v. Egan,* 308 P.2d 273 (Okl.1957). The state cannot invest itself with, and exercise through its courts, jurisdiction over a person in a proceeding which may directly and adversely affect his legally protected interests without employing a method of notification which is reasonably calculated to give a person knowledge at a meaningful time and in a meaningful manner of the attempted exercise of jurisdiction and an opportunity to be heard. *Bomford v. Socony Mobil Oil Co.,* 440 P.2d 713 (Okl.1968). Thus, the question becomes whether the service of process, or lack thereof, was in substantial compliance with the SCPA to a degree sufficient to confer jurisdiction on the district court.

 The trial court relied upon 12 O.S. Supp.1984, Ch. 2, App. Rule 10, of the Rules of the District Courts of Oklahoma, in approving the service upon Appellant and permitting a default judgment to be entered against him. Rule 10 provides, in pertinent part, that notice of taking default is not required where the defaulting party has not made an appearance and is not required in small claims actions even when the defaulting party has made an appearance. However, in general civil actions, 12 O.S.Supp.1988, § 2004(C)(2)(c) provides specifically for cases where process has been refused. Upon notice of refusal, a plaintiff has ten (10) days to send a copy of the summons, petition and notification to the defendant that despite such refusal, the case will proceed and default judgment will be rendered against him unless he appears to defend the suit. This notice provision establishes a critical distinction between those required in general civil actions, and

those in small claims actions requiring actual notice under the SCPA, since the SCPA does not include a constructive notice provision in cases of refusal of service of process. A small claims defendant faces denial of due process unless the plaintiff complies with Section 1755 and personally serves him as required by the statute upon return of the undelivered process.

■ Section 1755 of the SCPA does provide specific notice requirements in cases where process remains "undelivered". "Delivery" in this context necessarily includes an "acceptance" by the addressee in taking physical possession of the process and acknowledging the receipt. Without these acts, the process remains "undelivered". Under those circumstances, a plaintiff must then resort to personal service as required by Section 1755.

■ Service of process is sufficient if it informs a defendant that he has been sued, of the nature of the proceedings against him, of his interest therein and of the court where the hearing will be held. *City Ins. Co. v. Rasor*, 700 P.2d 1032 (Okl. App.1985). A failure to follow procedures prescribed by statute for service of process will make the process on which the suit is predicated fatally defective. *Pittman v. Compton*, 277 F.Supp. 772 (N.D.D.C.Okl. 1968). The provision in the SCPA that the hearing and disposition of small claims shall be informal with the sole object of dispensing speedy justice between the parties was not intended to dispense with basic due process of law, particularly in regard to fundamental hearing requirements. *Graves v. Walters*, 534 P.2d 702 (Okl.App. 1975). Due process is violated by the mere act of exercising judicial power upon process not reasonably calculated to apprise a defendant of the pendency of an action. *Bomford v. Socony Mobil Oil Co., supra.* Default judgments are never favored and it is the policy of the law to afford every party an opportunity to present his side of the case. *Crussell v. Osborn*, 592 P.2d 984 (Okl.App.1979).

■ Appellant's motion to set aside judgment was statutorily grounded in 12 O.S.1981, § 1031 (Third) which gives the trial court the power to vacate its own judgment "for mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order". Such an "irregularity" relates not to the substance of the order, but to whether a serious jurisdictional defect exists, such as lack of service, notice or jurisdiction of either the parties or subject matter. *Smaller v. Smaller*, 635 P.2d 1341 (Okl.App.1981). The test for measuring the legal correctness of the trial court's ruling on a motion to vacate or set aside judgment is whether sound discretion was exercised upon sufficient cause shown to vacate, modify, open or correct its earlier decision, or to refuse the relief sought. *Schepp v. Hess*, 770 P.2d 34 (Okl.1989). A default judgment must be set aside if the court had no jurisdiction to enter the judgment. *Farmers' Union Co-operative Royalty Co. v. Woodward*, 515 P.2d 1381 (Okl. 1973).

■ Here, Appellant was not given notice or an opportunity to be heard. He was in no way informed that he was being sued, the nature of the proceeding or of the pending hearing. Appellee failed to substantially comply with the specific requirements for service of process and notice provided in 12 O.S.1981, § 1755, and would not have been prejudiced by compliance with the statute. Appellant was denied fundamental due process of law and the trial court did not obtain jurisdiction. The trial court abused its discretion in overruling Appellant's motion to set aside the judgment.

Appellee's motion for appellate attorney fees is DENIED.

The trial court's judgment is REVERSED and the case is REMANDED to the trial court WITH INSTRUCTIONS to vacate the default judgment.

GARRETT, P.J., and HANSEN, J., concur.