STATE of Oklahoma, ex rel. CORPORA-
TION COMMISSION, Mobil Oil Corpo-
ration, and Anadarko Petroleum Cor-
poration, Appellees,

v.

TEXAS COUNTY IRRIGATION AND
WATER RESOURCES ASSOCIA-
TION, INC., Appellant.

No. 66698.

Supreme Court of Oklahoma.

July 2, 1991.

Rehearing Denied Oct. 29, 1991.

Max H. Lawrence, Ames, Ashabranner, Taylor, Lawrence, Laudick & Morgan, Oklahoma City, for appellees, Mobil Oil Corp.

John R. Reeves, Mock, Schwabe, Waldo, Elder, Reeves & Bryant, Oklahoma City, for appellee, Anadarko Petroleum Corp.

Andrew T. Dalton, Jr., Tulsa, for appellant, Texas County Irrigation & Water Resources Ass'n, Inc.

DOOLIN, Justice.

This case involves a process used in the oil and gas industry known as enhanced recovery. Enhanced recovery operations consist of "introduction of fluid or energy into a common source of supply for the purpose of increasing the recovery of oil therefrom ..."[1] Once petroleum is produced from a particular reservoir for an extended period of time the natural pressure in the reservoir may drop to such a level that petroleum will no longer flow into the wellbore. At that time, the operators of the wells in the reservoir will consider enhanced recovery operations in which fluids are injected into the reservoir thereby increasing pressure and forcing the remaining hydrocarbons into the wellbore. Enhanced recovery fluids, or injection fluids, can be liquid or gaseous in nature but do not include hazardous materials. Examples are polymers, salt water, residue gas, surfactants, carbon dioxide and fresh water.

In a series of applications, Mobil Oil Corporation ("Mobil") and Anadarko Petroleum Corporation ("Anadarko") applied for orders from the Corporation Commission of Oklahoma ("Commission") which would authorize the injection of enhanced recovery fluids into the Morrow formation in Texas county. Mobil instituted two series of applications. The first series sought authority to convert existing wells into injection wells for the purpose of injecting enhanced recovery fluids into the Morrow formation. Mobil's second series of applications, as well as Anadarko's application, sought authority to inject enhanced recovery fluids into the Morrow formation through wells which had previously been authorized as salt water injection wells. All of the applications were granted by a hearing officer of the Commission.

The granting of the applications was opposed by appellant, Texas County Irrigation and Water Resources Association, Inc. ("County Water"). All of the units involved in the applications are in the Postle field, which produces from the Morrow formation in Texas County.

County Water argued the notice given by both companies of the proceedings before the Commission was deficient because personal notice was not served on the owners of fresh water rights in the Ogallala Aquifer in the area.[2] County Water also argued the notice was invalid because it did not specifically state that fresh water was

1. Oklahoma Corporation Commission, Rule of Practice 1–10(32).

2. The Ogallala Aquifer underlies parts of Colorado, Kansas, Nebraska, New Mexico, Oklahoma, South Dakota, Texas and Wyoming. In Oklahoma, the formation covers almost all of Texas County and is the major source of water in the Oklahoma Panhandle.

encompassed within the term "enhanced recovery fluids."

The initial reports of the hearing officer were appealed by County Water to the Commission, en banc, who voted unanimously to uphold the grant of the applications. The Commission concluded that the notice given by the companies was constitutionally sufficient because all owners of water rights in the Ogallala Aquifer would not be affected by the proceedings and thus, were not entitled to personal notice. The Commission further held that the term "enhanced recovery fluids" as used in the notice is a term of art, which when read in the context of the notice was adequate to advise all interested parties of the nature of the proceedings. As a result, the orders herein appealed from were issued by the Commission permitting the enhanced recovery operations including the use of fresh water as an injection fluid.

County Water appealed the orders arguing that there was lack of adequate notice relative to fresh water usage, and that Anadarko's failure to have a required water usage permit made its order invalid. The Court of Appeals agreed and reversed all of the Commission's orders. The court held that the right to use water is a property right subject to constitutional guarantees which cannot be taken or abridged without due process of law, including notice and an opportunity to be heard.

Even though County Water conceded that notice was given by Mobil and Anadarko in accordance with the rules of the Commission,[3] the Court of Appeals held the notice was defective because it "was not served personally upon all affected property right owners within the Ogallala basin, which would be affected by the Commission's proposed ruling allowing such usage of fresh water." The court also found the

notice defective because it failed to inform the parties that fresh water was a component of the term "enhanced recovery fluid."

In addition, the court held that the Commission erred in its grant of Anadarko's application because Anadarko did not have a permit from the Oklahoma Water Resources Board ("OWRB"). In other words, the court held that the Commission could not authorize the use of fresh water for enhanced recovery operations unless a permit was first obtained from the OWRB.

We granted certiorari to consider the propriety of the appellate court's decision since it rests on three issues not previously decided by this Court. These issues will be addressed consecutively as follows: 1) Must personal notice of an application before the Commission to inject enhanced recovery fluids be served upon all owners of fresh water rights?; 2) Must notice of an application to operate an injection well specifically state that fresh water is a component of or can be used as an enhanced recovery fluid?; and 3) Must a permit from the OWRB be obtained by the applicant before the Commission may grant an application to inject enhanced recovery fluids? We answer all three questions in the negative and vacate the Court of Appeals opinion.

## I.

Mobil and Anadarko both argue that the appellate court's ruling that notice must be served on "all affected property right owners within the Ogallala basin" was error. The companies do not dispute that the OWRB has exclusive authority to authorize the appropriation of fresh water

---

**3.** Oklahoma Corporation Commission, Rule of Practice 8–8 provides: "A copy of the application for approval of injection or disposal of water or other substances in a well shall be served by the applicant by regular mail or delivered to the owner of the surface of the land on which the injection ... well is to be located and to each operator of a producing leasehold within one-half ... mile of the well location.... Notice of an application relating to injection ... wells shall be published one time in a newspaper of general circulation published in Oklahoma City, Oklahoma, and in a newspaper of general circulation published in each county in which lands embraced in the application are located. The notice shall include name and address of applicant, location of proposed well, geologic name and depth of injection zone, maximum injection presures and maximum B/D injection rate."

in Oklahoma.[4] Instead, they argue that the orders issued by the Commission do not authorize the taking, appropriation or use of fresh water so as to fall within the OWRB'S exclusive authority, but simply permit the injection of enhanced recovery fluids into the Morrow formation. We agree. So, the companies are arguing that the Commission did not give them permission to *take* fresh water, only permission to *use* water otherwise properly obtained.

In *Merritt v. Corporation Commission,*[5] this Court specifically held that the "Commission does not have the jurisdiction and power to authorize the appropriation and use of fresh ground water." However, the Commission is empowered with all authority concerning petroleum production.[6] This includes the approving and overseeing of enhanced recovery operations.[7] The Commission's orders only granted Mobil and Anadarko the right to inject enhanced recovery fluids in the Postle field in order to increase the ultimate recovery of the remaining hydrocarbons. This right does include the right to use fresh water in these operations if, and only if, the proper permits are obtained. If either company desires to use fresh ground water as an injection fluid, then it can and must receive authorization from the OWRB. Conversely, a permit from the OWRB does not authorize the injection of fresh water as an enhanced recovery fluid unless accompanied by a Commission order allowing such injection. Each agency has a separate and distinct role in overseeing the use of fresh ground water as an enhanced recovery fluid.[8]

Additionally, County Water and the Court of Appeals apparently misunderstand the effect of the Commission's orders. As both companies argue, the orders do not appropriate, take or abridge water property rights. Therefore, due process guarantees necessary in Commission proceedings do not apply to the owners of water rights because their constitutional rights, or significant property interests, are not affected by the orders.[9] The only notice requirements which must be complied with are those required by the rules of the Commission which are sufficient to apprise parties who are affected by the proposed injection orders of the proceedings to be conducted.[10] It is not disputed that these notice requirements were complied with by both Mobil and Anadarko. Therefore, the ruling of the Court of Appeals that the notice given by the companies was deficient because it violated constitutional due process was error.

County Water strongly argues that this case concerns fresh water pollution

4. 82 O.S.1981, § 1020.7 provides in part: "Any person intending to use ground water shall ... make application to the [Water Resources] Board for an appropriate permit before commencing any drilling for such purposes and before taking water from any completed [water] well ..."

5. 438 P.2d 495, 498 (Okl.1968).

6. 17 O.S.1981, § 52 provides: "All authority and duties now conferred upon the Corporation Commission or other departments of the state government in reference to the conservation of oil and gas and the drilling and operating of oil and gas wells and the construction and regulation of oil and gas pipelines are hereby conferred exclusively upon the Corporation Commission ..."

7. *See,* Oklahoma Corporation Commission, Rule of Practice 8–8, *supra,* note 3.

8. In *Merritt,* this Court stated: "We have examined the jurisdiction and powers conferred upon the Oklahoma Water Resources Board in connection with the jurisdiction and powers of the Corporation Commission and in our opinion there is a clear-cut distinction between the Oklahoma Water Resources Board's jurisdiction and power to regulate the appropriation and use of fresh ground water and the Corporation Commission's jurisdiction and power to protect fresh ground water. Simply stated, the Corporation Commission does not have the jurisdiction and power to authorize the appropriation and use of fresh ground water." 438 P.2d at 498.

9. Before a person's property right may be adversely affected, notice and an opportunity to be heard must be given. *Harry R. Carlile Trust v. Cotton Petroleum Corp.,* 732 P.2d 438, 444 (Okl.), *cert. denied,* 483 U.S. 1007, 107 S.Ct. 3232, 97 L.Ed.2d 738 (1986), *Bomford v. Socony Mobil Oil Co.,* 440 P.2d 713, 718 (Okl.1968); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950), *Rosewitz v. Lattins,* 689 F.2d 175 (10th Cir.1982).

10. Oklahoma Corporation Commission, Rule of Practice 8–8. *See, Supra* note 3.

and not the appropriation of such water. It apparently argues that the owners of water rights which may be affected by pollution from enhanced recovery operations must be afforded due process of law, including personal notice, with regard to injection proceedings before the Commission.

The Commission is empowered by legislative enactment to adopt rules and regulations relative to the drilling of oil and gas wells as may be necessary to protect fresh water strata in the State.[11] Laws for the conservation of oil and gas, and regulation of the production thereof, represent a valid exercise of the state's police power.[12] Thus, the Commission's authority falls under the police power of the State as it is granted to the Commission by statute.[13]

Even though the owners of water rights in the Ogallala Aquifer may be affected by the Commission's exercise of its authority to protect fresh water, individual notice to each of them is not required. In *Anderson–Prichard Oil Corp. v. Corporation Commission,*[14] this Court adopted the reasoning of a Texas court which stated:

> All property is held subject to the valid exercise of the police power; nor are regulations unconstitutional merely because they operate as a restraint upon private rights of person or property or will result in loss to individuals. The infliction of such loss is not a deprivation of property without due process of law; *the exertion of the police power upon subjects lying within its scope, in a*

*proper and lawful manner, is due process of law."* [emphasis added].[15]

While we agree with this characterization of the state's police power, we are not unmindful that such police power must always be applied with the greatest practical regard for individual rights. We do not detract from the existing rules as to who is entitled to notice, but we decline to extend that entitlement to persons whose interests are not substantially affected by the order applied for.

A primary reason for the Commission's involvement in enhanced recovery operations is to exercise its jurisdiction and authority to prevent the pollution of fresh water. This is achieved by requiring Commission approval before enhanced recovery operations may be undertaken to ensure that the mechanical integrity of the injection well is sufficient to contain the injected fluids to avoid damaging the surrounding fresh water strata.[16] In addition, the orders themselves provide that the authority to inject the fluids will terminate if "[o]peration of the well for injection pollutes or endangers subsurface treatable water [e.g. fresh water]." [17]

It is the Commission's duty to ensure that fresh ground water is not polluted. Therefore, water property rights are protected by the proceedings held by the Commission, not invaded. As stated above, the Commission is exercising the State's police power in performing its duty to protect fresh ground water from pollution. The

---

**11.** 52 O.S.1981, §§ 86.2, 139, 243, 273, 309. *See, Merritt,* 438 P.2d at 498; *Ashland Oil, Inc. v. Corporation Commission,* 595 P.2d 423, 425 (Okl.1979). *See also,* 63 O.S.1986 Supp., § 1–2005(A)(2).

**12.** *Wickham v. Gulf Oil Corp.,* 623 P.2d 613, 617 (Okl.1981); *Oklahoma Natural Gas Co. v. Choctaw Gas Co.,* 205 Okl. 255, 258, 236 P.2d 970, 975 (1951).

**13.** 52 O.S.1981, § 243 provides: "The Corporation Commission shall have authority to make regulations for the ... protection of all natural gas, *fresh water,* and oil-bearing strata encountered in any well drilled for oil or natural gas ..." [emphasis added]. *See also* 52 O.S.1981, §§ 86.2, 139, 273, 309.

**14.** 205 Okl. 672, 241 P.2d 363 (1951).

**15.** *Id.* 241 P.2d at 372 (quoting *Lombardo v. City of Dallas,* 124 Tex. 1, 73 S.W.2d 475 (1934).

**16.** Oklahoma Corporation Commission, Rule of Practice 8–8(B) requires applicants seeking to operate injection wells to provide to the Commission, among other information, "[i]nformation showing that injection into the proposed zone will not initiate fractures through the overlying strata which could enable the injection fluid or formation fluid to enter fresh water strata." 8–8(B)(4).

**17.** Rules of Practice 1–101(21) provides that "[f]resh water, *also defined as treatable water,* shall mean surface and *subsurface* water in its natural state...." [emphasis added].

proper and lawful exertion of the police power does not require due process, but instead, "is due process."[18] As a result, we reject County Water's contention, and the Court of Appeals holding, that the notice required to be given under the rules of the Commission[19] violates due process because all water rights owners are not personally served.

## II.

█ The Court of Appeals also determined that the notice was defective because it failed to inform parties that fresh water is a component of, or can be used as, an enhanced recovery fluid. In contrast, the Commission held the notice was adequate to advise all interested parties of the nature of the proceedings. The holding of the Commission was correct and should not have been disturbed by the Court of Appeals.

Mobil and Anadarko both applied to the Commission for permission to inject enhanced recovery fluids into the Morrow formation. While it is perhaps true that only those familiar with enhanced recovery operations know that fresh ground water may be used as an "enhanced recovery fluid," this does not render the notice required by the Commission, and given by Mobil and Anadarko, invalid.

Commission Rule 8–8 requires the applicant to send a copy of the application submitted to the Commission to the owner of the surface of the land where the proposed injection well would be located.[20] In addition, notice must be sent to each operator within one-half mile of the well location.[21] The rule also requires publication in newspapers.[22] The content of the notice must include the name and address of the applicant, location of the proposed well, geological name and depth of injection zone, maximum injection pressures and maximum B/D injection rate.[23]

The purpose of the proceedings before the Commission is to determine whether the applicants should be allowed to enhance the recovery of oil through the use of injection wells. In these proceedings, the Commission is to determine whether the applicants should be allowed to enhance the recovery of oil through the use of injection wells. In these proceedings, the Commission is not concerned with the appropriation of fresh water. The notice requirements set forth in Rule 8–8 are sufficient to inform the parties interested in the proposed enhanced recovery operations, ....[24] The Commission has determined who is entitled to personal notice pursuant to its authority to make rules and regulations to promote the fair and equitable recovery of oil and gas from a common source of supply.[25] It is not necessary that the notice specifically include that fresh water may be used in the proposed enhanced recovery operations to inform these parties of the nature of the proceedings. This nature is the determination of whether the applicants should be allowed to inject enhanced recovery fluids into an oil and gas reservoir.[26] The required notice adequately informs parties of the nature of the proceedings before the Commission even though it is not specified that fresh ground water may be used as an injection fluid.

If water rights owners were entitled to notice of the injection well application pro-

18. *See supra* note 15.

19. *See* discussion of notice requirements *supra* note 3.

20. Commission Rule 8–8. *See supra* note 3.

21. *Id.*

22. *Id.* Specifically, notice must be published in an Oklahoma City newspaper of general circulation and a newspaper in the county in which the proposed injection wells are to be located. *Id.*

23. *Id.*

24. *Id.* In addition, notice must be published in an Oklahoma City newspaper and a newspaper in the county in which the injection wells are located.

25. 52 O.S.1981, § 86.4.

26. The nature of the proceedings, the court or agency where the proceedings are to be conducted, and the party's quest for or value therein, are all that is required for notice to be valid. *Young v. Seaway Pipeline, Inc.,* 576 P.2d 1144, 1147 (Okl.1977); *Texas Title Guaranty Co. v. Mardis,* 186 Okl. 433, 98 P.2d 593 (1940).

ceedings, then fresh water would have to be specified as a possible injection fluid for the notice to be meaningful to the owners. However, water rights owners are not interested parties in injection well application proceedings before the Commission because no fresh ground water is being appropriated. Therefore, they are not entitled to receive personal notice of the proceedings.

The OWRB has the exclusive authority to appropriate fresh ground water and is the correct forum in which water rights owners can be heard to ensure the protection of their rights.[27] In proceedings before the OWRB concerning an application for a ground water usage permit, the notice requirements as to content and who must be served are determined by statute and OWRB rules.[28] The adequacy of these notice requirements is not at issue in this case.

We hold that the omission of specific fluids which are, or may be, components of the term "enhanced recovery fluid" does not render notice of a pending application to the Corporation Commission for approval of a proposed injection well invalid. As a result, the Court of Appeals holding to the contrary was error.

### III.

■ The Court of Appeals held the Commission clearly erred in the grant of Anadarko's application because it does not have jurisdiction to authorize the appropriation and use of fresh water and Anadarko did not have a permit from the OWRB. The Court of Appeals correctly found that the Commission does not have jurisdiction to authorize the appropriation of fresh water. However, as discussed above, the Commission's orders do not authorize the *appropriation* of fresh water. The orders only authorize the *injection* of fresh water or other enhanced recovery fluids into the Morrow formation in the Postle field.

The OWRB has the exclusive authority to authorize the appropriation of fresh ground water in the State of Oklahoma.[29] If Anadarko decides to use fresh ground water in its enhanced recovery operations then it will have to obtain a permit from the OWRB, just as Mobil has already done. There is no requirement that such a permit must be obtained by an applicant before the Commission can authorize the injection of enhanced recovery fluids, only that one be obtained before fresh water is used.[30] As a result, the Court of Appeals decision reversing the grant of Anadarko's application by the Commission was error.

In light of the aforementioned findings we hold that the orders of the Corporation Commission were valid as a matter of law and should not have been disturbed by the Court of Appeals.

Opinion of the Court of Appeals VACATED; order of the Corporation Commission REINSTATED and AFFIRMED.

---

27. 82 O.S.1981, §§ 1020.7–1020.11 & 1085.2. *See also, Merritt v. Corporation Commission*, 438 P.2d 495, 498 (Okl.1968); *Ricks Exploration Co. v. Oklahoma Water Resources Board*, 695 P.2d 498 (Okl.1984).

28. 82 O.S.1981, § 1020.8. That section provides, in part: "... Upon the filing of an application [for a water usage permit] ... the [Water Resources] Board shall instruct the applicant to publish ... a notice thereof ... in a newspaper of general circulation in the county in which the well is located and any adjacent counties designated by the Board ... [and] to give actual notice by certified mail to all immediately adjacent landowners. Such notice shall give all the essential facts as to the proposed taking among them, the places of taking and of use, amount of water, the purpose for which it is to be used, name and address of applicant and the time and place when the application will be [considered]...." *Id.* *See also* Rules 830.2 and 830.3 of the Rules of the Oklahoma Water Resources Board.

29. *See* material cited *supra* note 27.

30. Rule 820.1 of the OWRB rules states that an applicant filing for the use of fresh water for enhanced recovery of oil and gas may "be required to furnish other relevant material upon request which may include ... [a] copy of each injection well application and the approval of such application by the Corporation Commission." Therefore, it is clear that the OWRB does not require a permit from it before an application to drill an injection well is filed and/or approved by the Commission.

OPALA, C.J., and HODGES, V.C.J., and LAVENDER, SIMMS, HARGRAVE and SUMMERS, JJ., concur.

ALMA WILSON and KAUGER, JJ., concur in part; dissent in part.